FIRST DIVISION
October 22, 2007

No. 1-06-3636

| | | |
|---|---|---|
| STANLEY CRAIG, SYBIL MASON, AND CYNTHIA MASON, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | |
| UNITED AUTOMOBILE INSURANCE COMPANY, | ) ) | Honorable Anthony L. Young, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

The plaintiffs, Stanley Craig, Sybil Mason, and Cynthia Mason, filed an uninsured motorist claim under an insurance policy issued by defendant, United Automobile Insurance Company (United). The claim proceeded to arbitration. After the plaintiffs filed an action in the circuit court to confirm the arbitration award, United filed a counterclaim for breach of contract. United alleged plaintiff Craig made material misrepresentations in his insurance application, failed to cooperate with the investigation of the claim, and failed to make the vehicle available for inspection.

The trial court dismissed the counterclaim because United failed to raise the issues prior to arbitration. The court also entered summary judgment for plaintiffs on their complaint. United appeals. We affirm the trial court's order.

1-06-3636

FACTS

Plaintiff Stanley Craig was insured under a personal automobile insurance policy issued by United. The policy was in effect from October 27, 2001, through October 27, 2002. On August 19, 2002, plaintiffs notified United of an uninsured motorist claim resulting from an accident on August 4, 2002.

On February 11, 2003, plaintiffs filed a written demand for arbitration and served notice on United. An arbitration hearing was held on November 13, 2003. At the hearing, counsel for United stated his objection to the proceedings based on plaintiff's failure to provide the vehicle for inspection as required by the policy and as requested by United. The arbitrator overruled the objection, and the parties proceeded with the arbitration. An award was entered in the amount of $7,500 for Stanley Craig, $7,500 for Sybil Mason, and $4,000 for Cynthia Mason.

On March 11, 2004, plaintiffs filed a two-count complaint in the circuit court. Count I sought confirmation of the arbitration award pursuant to section 11 of the Uniform Arbitration Act (710 ILCS 5/11 (West 2004)). Count II requested attorneys' fees for unreasonable delay in settling a claim. Plaintiffs later voluntarily dismissed Count II.

On January 27, 2005, United filed a counterclaim for breach of contract. United alleged Craig made false statements about

1-06-3636

his ownership of the vehicle on his insurance application on October 26, 2001, and in a sworn statement on August 6, 2003. United had discovered through a vehicle records search that Craig was not the owner of the vehicle. United also alleged Craig failed to make the vehicle available for inspection as required by the policy and failed to cooperate with the investigation by refusing to allow United to examine his medical records.

On December 6, 2005, plaintiffs filed a motion to dismiss the counterclaim pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2004)). They contended: (1) United waived its issues by failing to raise them prior to arbitration; and (2) United's claims were precluded by res judicata. Plaintiffs also filed a motion for summary judgment on their complaint to confirm the arbitration award.

On May 9, 2006, the trial court dismissed United's counterclaim with prejudice and entered summary judgment on Count I of plaintiffs' complaint.

DECISION

A section 2-619(a)(9) motion to dismiss allows for dismissal of a cause of action when "the claim asserted against the defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). We must decide "whether the existence of a genuine issue of material fact should have precluded the dismissal or,

3

1-06-3636

absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993). When deciding a 2-619 motion, a court takes all well-pleaded facts in the complaint as true. Tkacz v. Weiner, 368 Ill. App. 3d 610, 612, 858 N.E.2d 514 (2006). We review the granting of a 2-619 motion de novo. Tkacz, 368 Ill. App. 3d at 612.

Any issue regarding the nonarbitrability of a dispute is waived by participation in the arbitration proceedings. Tri-City Jewish Center v. Blass Riddick Chilcote, 159 Ill. App. 3d 436, 439, 512 N.E.2d 363 (1987).

> "Through the operation of waiver, a party may become bound by an award which otherwise would be open to attack*** Waiver occurs whenever a party intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right." Tri-City, 159 Ill. App. 3d at 440.

United did not raise the issue of Craig's false statements of vehicle ownership until January 27, 2005. We hold United waived the issue of plaintiffs' misrepresentations by failing to raise it until more than two years after receiving the claim, and more than one year after the arbitration award.

United contends it requested that the court vacate the award

4

within a week of United's discovery of Craig's misrepresentations that he owned the vehicle. On January 21, 2005, United discovered through a public records vehicle search that the vehicle belonged to "Betty Mason" and not to Stanley Craig. It then filed its counterclaim on January 27, 2005. There is no reason why United could not have conducted a vehicle records search prior to arbitration of the plaintiffs' claim. United provides no justification for waiting nearly two years after the arbitration hearing to file its claim.

United contends section 12 of the Uniform Arbitration Act precludes dismissal of its counterclaim. That section provides that, upon application of a party, a court shall vacate an arbitration award where the award was "procured by corruption, fraud, or undue means." 710 ILCS 5/12(a)(1) (West 2004). An application to vacate an award must be made within 90 days of the award, or, if predicated on corruption, fraud, or other undue means, within 90 days after such grounds are known or should have been known. 710 ILCS 5/12(b) (West 2004).

We reject United's contention. First, United never raised section 12 of the Arbitration Act in the court below. It merely filed a separate counterclaim for breach of contract against the plaintiffs. Second, United's counterclaim alleged the plaintiffs breached their obligations under the insurance policy and alleged United was not obligated to pay under the policy. There are no

5

allegations that the arbitration award was procured by "corruption, fraud, or other undue means." Third, United could have raised the claim prior to arbitration had it conducted a vehicle records search.

As for the other claims regarding the medical records and vehicle inspection, those issues are not for this court to decide. The judicial review of an arbitral award is extremely limited. American Federation of State, County & Municipal Employees, AFL-CIO v. Department of Central Management Services, 173 Ill. 2d 299, 304, 671 N.E.2d 668 (1996). The Illinois Uniform Arbitration Act contemplates judicial disturbance of an award only in instances of fraud, corruption, partiality, misconduct, mistake, or failure to submit the question to arbitration. American Federation, 173 Ill. 2d at 304. United's remaining claims do not allege any fraud, corruption or other means to justify reversing the arbitration award.

CONCLUSION

We affirm the circuit court's order dismissing United's counterclaim and entering summary judgment in favor of the plaintiffs.

Affirmed.

HOFFMAN, P.J., and SOUTH, J., concur.