# Illinois Official Reports

## Appellate Court

---

### *McDonald v. Lipov*, 2014 IL App (2d) 130401

---

| | |
|---|---|
| Appellate Court Caption | MICHELLE EVA McDONALD, Plaintiff-Appellant, v. EUGENE G. LIPOV, d/b/a Advanced Pain Centers, S.C., d/b/a Alexian Brothers Medical Center; JAYDEEP JOSHI, d/b/a Advanced Pain Centers, S.C., d/b/a Alexian Brothers Medical Center; SARAH SANDERS, d/b/a Advanced Pain Centers, d/b/a Alexian Brothers Medical Center; VIREN GOHIL, d/b/a Alexian Brothers Medical Center; JEANNIE YCARRO, d/b/a Alexian Brothers Medical Center; BARRY BIKSHORN, d/b/a Northwest Neurology, d/b/a Alexian Brothers Medical Center; JERRY ANDREWS, d/b/a Alexian Brothers Medical Center, d/b/a IPC-Hospitalists of Chicago; and SZYMON ROSENBLATT, d/b/a Chicago Institute of Neurosurgery, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0401 |
| Filed | June 19, 2014 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the initial dismissal of *pro se* plaintiff's amended complaint for the injuries arising from the medical care defendants provided was affirmed by the appellate court due to her failure to comply with the requirements that she file an affidavit and a health professional's report pursuant to section 2-622 of the Code of Civil Procedure, but the appellate court held that the dismissal of the medical battery allegations with prejudice was an abuse of discretion that required a remand to allow plaintiff to correct the defective allegations, the trial court's subsequent dismissal of plaintiff's second amended complaint with prejudice was also upheld, since plaintiff still did not comply with section 2-622 with regard to her medical battery claims, which involved knowledge, skill, and training in a technical area outside the comprehension of a layperson, some claims from the original and first amended complaint were restated or incorporated in the second amended complaint, even though they had been rejected in plaintiff's first appeal, and there was no error in the trial court's refusal to allow plaintiff to allege new claims that could have been raised earlier. |

| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-L-907; the Hon. Hollis L. Webster and the Hon. John T. Elsner, Judges, presiding. |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Michelle Eva McDonald, of Beach Park, appellant *pro se*. |
| | Robert L. Nora, Lynne M. Damsma, and Taylor V. Nora, all of Nora & Tanzillo, LLP, of Chicago, for appellee Szymon Rosenblatt. |
| | Deborah M.R. O'Brien, Vito M. Masciopinto, and Jamie Crowley, all of Lowis & Gellen LLP, for appellee Jeannie Ycarro. |
| | Richard J. Hickey, Thomas A. Rieck, and Scott Stirling, all of Hickey, Melia & Associates, Chtrd., of Chicago, for appellee Jerry Andrews. |
| | Michael C. Kominiarek, Lisa M. Green, and Michael R. Webber, all of Kominiarek Bresler Harvick & Gudmundson, LLC, of Chicago, for appellee Barry Bikshorn. |
| | Brian J. Hickey and Mark A. Sansone, both of Cassiday Schade LLP, of Naperville, for other appellees. |
| Panel | PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion. Justices Schostok and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Michelle Eva McDonald, is a young woman who suffers from back pain and ailments in her lower extremities. She filed a *pro se* amended complaint for injuries that allegedly arose from medical care provided by defendants in 2007. The complaint alleged medical malpractice and medical battery. The trial court gave plaintiff three extensions of time to comply with the affidavit and health-professional's-report requirements of section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 2008)). Defendants

filed motions to dismiss on the grounds that plaintiff's filings did not meet the requirements (see 735 ILCS 5/2-619, 2-622(g) (West 2008)) and that the allegations did not state a claim (see 735 ILCS 5/2-615 (West 2008)). The court eventually dismissed plaintiff's amended complaint with prejudice.

¶ 2 Plaintiff appealed, arguing that the trial court erred in determining that (1) all of plaintiff's claims sounded in medical malpractice, which required her to comply with section 2-622 of the Code; (2) plaintiff did not substantially comply with section 2-622; (3) all of defendants' motions to dismiss could be granted in a combined ruling; (4) the amended complaint should be dismissed with prejudice; and (5) plaintiff's motion for summary judgment was premature.

¶ 3 We concluded that plaintiff's claims of medical malpractice required her to comply with section 2-622, that plaintiff failed to comply with section 2-622, and that the trial court did not abuse its discretion in dismissing the malpractice claims with prejudice. We also held that the medical battery allegations failed to state a claim and were subject to dismissal under section 2-615. However, we concluded that the court abused its discretion in dismissing the medical battery allegations with prejudice, and we remanded the cause to afford plaintiff the opportunity to cure the defective allegations. *McDonald v. Lipov*, No. 2-10-0518 (2011) (unpublished order under Supreme Court Rule 23) (*McDonald I*).

¶ 4 On remand, plaintiff filed a 33-count, second amended complaint, which attempted to allege the following types of claims against defendants: (1) medical battery, (2) medical negligence, (3) fraudulent concealment, (4) conspiracy, (5) violations of the Emergency Medical Treatment and Active Labor Act (42 U.S.C. § 1395dd (2012)), (6) breach of contract, (7) vicarious liability, and (8) spoliation of evidence. The trial court dismissed the second amended complaint with prejudice for failing to state a claim.

¶ 5 Plaintiff appeals again, arguing that (1) section 2-622 does not apply to her medical battery claims; (2) she satisfied the affidavit requirement of section 2-622(a)(3) (735 ILCS 5/2-622(a)(3) (West 2012)) by verifying the second amended complaint by certification according to section 1-109 of the Code (735 ILCS 5/1-109 (West 2012)); (3) Dr. Lipov's affidavit should have been stricken as "insufficient in law"; (4) the dismissal violates her right to due process, because it denies her "right to remedy and justice"; (5) a genuine issue of material fact precludes the dismissal; (6) the statute of limitations or statute of repose does not bar her medical battery claims; and (7) defendants failed to establish that plaintiff consented to the intrusions.

¶ 6 We agree with defendants that the trial court properly dismissed the second amended complaint with prejudice. First, plaintiff's medical battery claims, which allege treatment that substantially varied from the consent granted, require compliance with section 2-622 of the Code, because an assessment of the claims requires knowledge, skill, or training in a technical area outside the comprehension of laypersons. Contrary to plaintiff's assertion, she has not complied with section 2-622. Second, the second amended complaint restates explicitly or incorporates by reference certain claims from the original complaint and the amended complaint, but plaintiff either abandoned those claims or we found them defective in *McDonald I*, and our decision is the law of the case. Third, considering the long procedural history of this matter, we conclude that the trial court did not abuse its discretion in denying plaintiff leave to assert new claims that she could have pleaded earlier.

¶ 7                                    I. BACKGROUND

¶ 8         On August 6, 2012, plaintiff filed her second amended complaint, which contains 33 claims that can be sorted into three categories. First, the complaint contains 10 claims labeled "medical battery," which plaintiff had the opportunity to cure on remand. The claims allege various acts and omissions by defendants, but each claim alleges that the conduct was an unauthorized "deviation from consent." Dr. Lipov, her treating physician, submitted an affidavit stating, in part, that plaintiff signed a written consent form agreeing to undergo the RACZ caudal epidural injection procedure that is the subject of the claims. His affidavit also states that the Myelotec catheter used in the procedure has been approved by the Food and Drug Administration for use in the procedure. Over plaintiff's objection, the court found Dr. Lipov's affidavit to be in compliance with Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013). The court dismissed the claims, concluding that (1) without a counteraffidavit submitted by plaintiff, the court must take as true Dr. Lipov's statement that plaintiff signed a consent form; (2) the existence of a signed consent form meant that plaintiff's claims were for medical negligence, not medical battery; and (3) plaintiff never obtained a health professional's report as required for medical negligence claims.

¶ 9         Second, the complaint restates nine claims from the amended complaint: four negligence claims, three alleged violations of the Emergency Medical Treatment and Active Labor Act, and two claims of breach of contract. (Besides explicitly restating these claims, the second amended complaint also incorporates by reference all of the claims of the original complaint and the amended complaint.) In *McDonald I*, we determined that the trial court properly dismissed these claims with prejudice. When plaintiff restated the claims, the court dismissed them again, commenting that "[w]e've been over that ground and that has been through the higher courts."

¶ 10        Third, the complaint contains 14 new claims: 3 claims of fraudulent concealment, 9 claims of conspiracy, 1 claim of vicarious liability, and 1 claim of spoliation of evidence. The trial court dismissed these claims with prejudice. The court concluded that allowing plaintiff to add these claims would violate our mandate in *McDonald I*. Plaintiff's timely appeal followed.


¶ 11                                    II. ANALYSIS
¶ 12                                  A. Medical Battery
¶ 13        On appeal, plaintiff asks us to reverse the trial court's dismissal of the medical battery claims, entered pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2012). "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006); *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). For a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology*, 221 Ill. 2d at 579.

¶ 14        When reviewing a dismissal under section 2-619, a court must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that can reasonably be drawn in the plaintiff's favor. *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). In ruling on a motion to dismiss under section 2-619, the trial court may consider pleadings,

depositions, and affidavits. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). Even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. *Raintree*, 209 Ill. 2d at 261 (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record").

¶ 15    The trial court dismissed plaintiff's claims labeled "medical battery" on the grounds that the claims required compliance with section 2-622 of the Code and that plaintiff still had not complied with that statute. Section 2-622 was enacted to curtail frivolous medical malpractice lawsuits and to eliminate such actions at the pleading stage before the expenses of litigation mount. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65 (1992). Section 2-622(a)(1) requires the plaintiff, if proceeding *pro se*, or his attorney to file with the complaint an affidavit of merit stating that the affiant has consulted and reviewed the facts of the case with a health professional who, in a written medical report–after a review of the medical records and other relevant material–has determined that there is a "reasonable and meritorious" cause for filing the action. 735 ILCS 5/2-622(a)(1) (West 2012). A copy of the medical report must be attached to the affidavit and must clearly identify the plaintiff and "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." 735 ILCS 5/2-622(a)(1) (West 2012); see *Moyer v. Southern Illinois Hospital Service Corp.*, 327 Ill. App. 3d 889, 902 (2002).

¶ 16    Section 2-622(a)(2) prescribes a 90-day extension for filing the report, allowing the plaintiff to file with the complaint an affidavit stating that he was unable to obtain the health professional's consultation "because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." 735 ILCS 5/2-622(a)(2) (West 2012). Section 2-622(a)(3) alternatively authorizes the plaintiff to file an affidavit stating that he or his attorney made a request to examine and copy records and that the party required to comply with the request failed to produce those records within 60 days. 735 ILCS 5/2-622(a)(3) (West 2012). If the plaintiff executes an affidavit under section 2-622(a)(3), the certificate and report required by section 2-622(a)(1) must be filed within 90 days of receiving the records. 735 ILCS 5/2-622(a)(3) (West 2012).

¶ 17    Plaintiff argues that section 2-622(a) does not apply to her medical battery claims and that therefore any noncompliance with the statute is not grounds for involuntary dismissal. The health-professional's-report and affidavit requirements of section 2-622(a) apply to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-622(a) (West 2012).

¶ 18    It is well established that a claim that a health professional acted without the informed consent of the patient is a type of medical malpractice claim. Corollaries to the consent requirement are that a patient has the right to refuse medical treatment, even if the patient's life is in jeopardy (*In re Estate of Longeway*, 133 Ill. 2d 33, 45 (1989)), and that a common-law battery is the unauthorized touching of the person of another (*In re Estate of Allen*, 365 Ill. App. 3d 378, 385 (2006)).

¶ 19    At the crossroads of these well-established medical malpractice principles exists the tort of medical battery. In a medical battery case, an injured party can recover by establishing that (1) there was no consent to the medical treatment performed, (2) the treatment was against

- 5 -

the injured party's will, or (3) the treatment substantially varied from the consent granted. *Estate of Allen*, 365 Ill. App. 3d at 385. Under such circumstances, a battery has occurred because the person administering the medical care intentionally touched the person of another without authorization. *Estate of Allen*, 365 Ill. App. 3d at 385.

¶ 20 This court has held that lack of consent to medical procedures gives rise to two causes of action: one based on negligence and the other based on battery. *Gragg v. Calandra*, 297 Ill. App. 3d 639, 645 (1998); see also *Doe v. Noe*, 293 Ill. App. 3d 1099, 1113 (1997) ("The law distinguishes between a total lack of consent for the contested act (battery) and the lack of informed consent (negligence)."). Where an unauthorized surgeon operates, he commits a technical trespass to the patient resulting in the intentional tort of battery. It is not the hostile intent of the defendant but rather the absence of consent by the plaintiff that is at the core of an action for battery. *Gragg*, 297 Ill. App. 3d at 645.

¶ 21 The second amended complaint contains several claims labeled "medical battery." The claims do not allege a lack of consent or treatment administered against plaintiff's will. Rather, the claims allege a "deviation from [the] consent" that plaintiff provided, which can be liberally construed as alleging that the treatment substantially varied from the consent granted. See *Estate of Allen*, 365 Ill. App. 3d at 385.

¶ 22 Plaintiff asserted repeatedly in the trial court that her consent to the RACZ procedure did not authorize the use of a Myelotec-brand catheter through the caudal canal of her spinal cord. However, Dr. Lipov stated in his affidavit that "[t]he Myelotec catheter [he] used in the procedure is a brand name of a particular catheter that has been approved by the FDA for use in the RACZ procedure," suggesting that consent to the procedure implies consent to the use of the catheter. Dr. Lipov is a physician with relevant specialized expertise, while plaintiff is not. The trial court found that plaintiff needed an expert medical opinion to support this facet of her medical battery claims. 735 ILCS 5/2-622 (West 2012).

¶ 23 Recently, in *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 96, the appellate court affirmed a summary judgment entered against a medical battery plaintiff who failed to file a health professional's report pursuant to section 2-622. The plaintiff had repeatedly insisted that the bunionectomy procedure to which he consented did not involve the cutting of tendons, which allegedly had caused his injury. He claimed that the defendant committed medical battery by exceeding the scope of his consent by cutting the tendons. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 85.

¶ 24 The *Holzrichter* court observed that the plain and unambiguous language of section 2-622 does not limit the requirement of an affidavit and expert medical opinion solely to medical malpractice claims. *Holzrichter*, 2013 IL App (1st) 110287, ¶¶ 92-93. The court explained that the plaintiff's medical battery action, based in tort, requested damages for injuries arising from a medical procedure that he claimed went beyond the scope of the procedure to which he consented. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96. "Whether the cutting of the tendons exceeded the scope of the surgery is a 'subject matter *** so complicated that lay persons are not in an adequate position to assess whether a breach of duty has occurred.' " *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96 (quoting *Schindel v. Albany Medical Corp.*, 252 Ill. App. 3d 389, 395 (1993)). The court held that "the plain and unambiguous language of section 2-622 of the Code, requiring an affidavit and health professional's written report '[i]n any action, whether in tort, contract or otherwise, in which plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice,' is

applicable in this case." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96 (quoting 735 ILCS 5/2-622(a) (West 1998)). Emphasizing that its holding was limited to the facts of the case, the court affirmed the summary judgment entered for the defendant, because the plaintiff failed to comply with section 2-622. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96 ("we need not decide here whether the requirements of section 2-622 are applicable to all medical battery claims").

¶ 25    The *Holzrichter* court pointed out that expert medical opinions previously had been required in non-medical-malpractice actions. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 93. In *Schindel*, a patient brought an action for damages from the rupture of her fallopian tubes during an ectopic pregnancy, but she alleged that the jury could decide her case on principles of "ordinary negligence" so that testimony of an expert medical witness was not necessary. The *Schindel* court concluded that the case required "expert analysis of [the] plaintiff's medical condition in order to fully define the proper standard of care." *Schindel*, 252 Ill. App. 3d at 398. Because no medical testimony was presented to establish the standard of care, the jury verdict was reversed. *Schindel*, 252 Ill. App. 3d at 402.

¶ 26    Similarly, in *Bloom v. Guth*, 164 Ill. App. 3d 475, 477 (1987), a patient brought an action for damages from her doctor's failure to perform a hysterectomy and repair her bladder, but she alleged that her claim was for breach of contract, not medical malpractice, so that testimony of an expert medical witness was not necessary. The *Bloom* court rejected the patient's argument and affirmed the dismissal of the complaint based on the plain language of section 2-622(a).

¶ 27    In *McDonald I*, we stated that "[s]ection 2-622 does not apply to medical battery claims, and therefore, that statute is not a proper basis for dismissing those claims [in the amended complaint]." *McDonald I*, No. 2-10-0518, slip op. at 10. After reviewing the specific allegations of medical battery in this case, we agree with the reasoning of the First District in *Holzrichter* that section 2-622(a) can potentially apply to medical battery claims. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96. Plaintiff's medical battery claims turn on whether defendants exceeded the parameters of the surgery to which plaintiff consented. Thus, the issue is beyond the ken of a layperson and requires a medical expert to opine on whether the use of the Myelotec catheter is within the scope of the RACZ procedure. Consistent with *Holzrichter*, *Schindel*, and *Bloom*, we hold that, to sustain her medical battery claims, plaintiff was required to submit an affidavit and a health professional's report pursuant to section 2-622(a). See *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96; see also *Schindel*, 252 Ill. App. 3d at 397-98 ("An assessment of what is required or necessary in light of [a] medical condition is inherently one of medical judgment and, as a result, necessitates expert testimony on the standard of care.").

¶ 28    Requiring compliance with section 2-622(a) of the Code under these facts follows logically from the legislature's intent to prevent frivolous lawsuits and ensure that meritorious claims, bolstered by expert medical opinion, proceed past the pleading stage. See *Holzrichter*, 2013 IL App (1st) 110287, ¶ 88. "A plaintiff challenging an implicit part of the medical treatment should not be able to avoid the requirement of an expert medical opinion simply by claiming medical battery or something other than medical malpractice." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 88.

¶ 29    Plaintiff does not dispute that she has not submitted an affidavit and a health professional's report as mandated by section 2-622(a)(1). However, plaintiff argues that she

- 7 -

has substantially complied with the affidavit requirement of section 2-622(a)(3) (735 ILCS 5/2-622(a)(3) (West 2012)) by verifying the second amended complaint by certification according to section 1-109 of the Code (735 ILCS 5/1-109 (West 2012)). The second amended complaint contains a section labeled "Affidavit Pursuant to 735 ILCS 5/2-622(a)(3)" and provides in relevant part as follows:

> "The undersigned, Michelle Eva McDonald, under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true."

¶ 30    Rejecting plaintiff's assertion that the certification satisfies section 2-622, the trial court commented, "I understand, Ms. McDonald, that you disagree with the statements of [Dr. Lipov's] affidavit. But from a legal point of view, I can't consider your disagreement. You needed–or you needed to supply me with something that under the law I can consider. An affidavit from a qualified expert in the field[.] I understand that you disagree with that but that doesn't allow me to make a different decision."

¶ 31    Plaintiff's verification of the second amended complaint by certification under section 1-109 of the Code is not a substitute for compliance with section 2-622(a)(3) (735 ILCS 5/2-622(a)(3) (West 2012)). Section 2-622(a)(3) allowed an affidavit stating that plaintiff made a request to examine and copy records and that defendants failed to produce those records within 60 days, but plaintiff's verification contains no such statement. Even if plaintiff's verification had satisfied section 2-622(a)(3), that statute authorizes a plaintiff to file an affidavit only to delay compliance with section 2-622(a)(1). 735 ILCS 5/2-622(a)(3) (West 2012). Thus, even if plaintiff had executed a proper affidavit under section 2-622(a)(3), section 2-622(a)(1) still required her to file the certificate and written report within 90 days of receiving the records. 735 ILCS 5/2-622(a)(3) (West 2012).

¶ 32    Since plaintiff is proceeding *pro se*, section 2-622(a) required an affidavit stating that she consulted and reviewed the facts of the case with a health professional who reviewed the medical records and prepared a written medical report finding that there is a "reasonable and meritorious" cause for filing the action. See 735 ILCS 5/2-622(a)(1) (West 2012). Section 2-622(a) further requires the professional's report to clearly identify the plaintiff and "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." 735 ILCS 5/2-622(a)(1) (West 2012). Plaintiff does not claim to be an expert health professional or that she obtained a health professional's report. Plaintiff's certification does not comply with section 2-622(a).

¶ 33    We further reject plaintiff's argument that the trial court erred in accepting Dr. Lipov's affidavit. Affidavits in support of motions under section 2-619 are controlled by Rule 191. *Elliott v. LRSL Enterprises, Inc*., 226 Ill. App. 3d 724, 732 (1992). Rule 191(a) provides that "affidavits submitted in connection with a motion for involuntary dismissal under section 2-619 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently

thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

¶ 34    If the document as a whole shows that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied. *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 756 (2009). "*Prima facie* authorship of a document may include a showing that the writing contains knowledge of a matter sufficiently obscure so as to be known to only a small group of individuals." *People v. Downin*, 357 Ill. App. 3d 193, 203 (2005). It is the function of a trial court to determine the admissibility of evidence, and its rulings will not be disturbed absent an abuse of discretion. *Independent Trust Corp. v. Hurwick*, 351 Ill. App. 3d 941, 952 (2004). Here, Dr. Lipov performed the RACZ procedure at issue; his affidavit consists of facts within his personal knowledge and is therefore in compliance with Rule 191.

¶ 35    Plaintiff contends that she was precluded from cross-examining Dr. Lipov regarding the statements in his affidavit, but she never requested his deposition when the affidavit was filed. If a party believes that additional discovery is necessary to adequately respond to a motion to dismiss, the party may seek a continuance and obtain discovery by filing an affidavit under Rule 191(b), but plaintiff failed to do so. Failure to file a Rule 191(b) affidavit in the trial court results in forfeiture of a potential appellate argument that additional discovery was needed. By failing to file a Rule 191(b) affidavit, plaintiff has forfeited any claim that she was not permitted to cross-examine Dr. Lipov for the purposes of challenging his affidavit and establishing a reasonable and meritorious cause for filing her action.

¶ 36                                    B. Old Claims

¶ 37    The second amended complaint restates nine claims from the amended complaint: four negligence claims, three alleged violations of the Emergency Medical Treatment and Active Labor Act, and two claims of breach of contract. Besides explicitly restating these claims, the second amended complaint incorporates by reference all of the claims of the original complaint and the amended complaint.

¶ 38    Plaintiff's amended complaint did not incorporate the original complaint. " 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983) (quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963)). Thus, plaintiff abandoned the claims in the original complaint when she filed the amended complaint without referring to the original complaint.

¶ 39    Moreover, in *McDonald I*, we determined that the trial court properly dismissed with prejudice these nine claims from the amended complaint. When plaintiff restated the claims in the second amended complaint, the court dismissed them again, commenting that "[w]e've been over that ground and that has been through the higher courts."

¶ 40    The law-of-the-case doctrine limits relitigation of a previously decided issue in the same case. *Village of Ringwood v. Foster*, 2013 IL App (2d) 111221, ¶ 33 (citing *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006)). The doctrine encompasses not only the reviewing court's explicit decisions, but those issues decided by necessary implication. *Reich v. Gendreau*, 308 Ill. App. 3d 825, 829 (1999). The doctrine applies to questions of law on

remand to the trial court as well as on subsequent appeals. *Radwill v. Manor Care of Westmont, IL, LLC*, 2013 IL App (2d) 120957, ¶ 8.

¶ 41    In *McDonald I*, we found these nine claims to be defective. Our decision is the law of the case, and the trial court correctly dismissed them with prejudice.

¶ 42                                      C. New Claims

¶ 43    On remand, plaintiff filed the second amended complaint with new claims besides the repleaded medical battery claims. Among the new claims are three claims of fraudulent concealment, nine claims of conspiracy, one claim of vicarious liability, and one claim of spoliation of evidence. The trial court dismissed the new claims with prejudice on the ground that they fell "outside the directive" of our holding in *McDonald I*.

¶ 44    It is well recognized that a reviewing court's mandate vests a trial court with jurisdiction only to take action that complies with the reviewing court's mandate. *Fleming v. Moswin*, 2012 IL App (1st) 103475-B, ¶ 28. A trial court lacks the authority to exceed the scope of the mandate and must obey precise and unambiguous directions on remand. Furthermore, the correctness of the trial court's action on remand is to be determined from the appellate court's mandate, as opposed to the appellate court opinion. However, if the direction is to proceed in conformity with the opinion, then, of course, the content of the opinion is significant. *Fleming*, 2012 IL App (1st) 103475-B, ¶ 28. If specific directions are not given, the trial court should examine the opinion and determine what further proceedings would be consistent with the opinion. Any other order issued by the trial court is outside the scope of its authority and void for lack of jurisdiction. *Fleming*, 2012 IL App (1st) 103475-B, ¶ 28.

¶ 45    In this case, our mandate following our initial order contained no specific instructions and, therefore, we look to that order to determine the scope of the trial court's authority on remand. In *McDonald I*, we held that, although the medical battery allegations had been properly dismissed under section 2-615, the trial court abused its discretion in dismissing those allegations with prejudice and should have afforded plaintiff the opportunity to cure the defects. Specifically, we directed the trial court to afford plaintiff "the opportunity to replead her medical battery claims."

¶ 46    Our disposition was silent as to whether plaintiff could allege additional claims on remand; nothing in the record suggested that she might wish to do so. One could argue that to allow plaintiff to plead new claims would have been outside the scope of the trial court's authority and void for lack of jurisdiction. See *Fleming*, 2012 IL App (1st) 103475-B, ¶ 28.

¶ 47    Even if the pleading of new claims were within our directive and consistent with the disposition, the trial court did not abuse its discretion in dismissing those new claims with prejudice. Section 2-616(a) of the Code governs the amendment of pleadings and provides that "[a]t any time before final judgment amendments may be allowed on just and reasonable terms *** changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." 735 ILCS 5/2-616(a) (West 2012). Amendments should be liberally allowed to permit parties to fully present their cases and to further the interests of justice. *Rusch v. Leonard*, 399 Ill. App. 3d 1026, 1037 (2010). The right to amend, however, is neither absolute nor unlimited. *Hayes*

*Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 6 (2004). The decision to grant leave to amend a complaint rests within the sound discretion of the trial court and we will not reverse such a decision absent an abuse of that discretion. *Hayes Mechanical, Inc.*, 351 Ill. App. 3d at 7.

¶ 48 Four factors determine whether amendments to pleadings should be permitted under section 2-616(a): (1) whether the proposed amendment would cure a defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the moving party had previous opportunities to amend. *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 101. The most important factor is prejudice to the opposing party, such as where an amendment leaves the party unprepared to respond to a new theory at trial. *Sheth*, 2013 IL App (1st) 110156, ¶ 101.

¶ 49 The plaintiff must meet all four factors, and "if the proposed amendment does not state a cognizable claim, and thus, fails the first factor, courts of review will often not proceed with further analysis." *Hayes Mechanical, Inc.*, 351 Ill. App. 3d at 7. Accordingly, "[w]here it is apparent even after amendment that no cause of action can be stated, leave to amend should be denied." *Hayes Mechanical, Inc.*, 351 Ill. App. 3d at 7. "[W]hen ruling on a motion to amend, the court may consider the ultimate efficacy of a claim as stated in a proposed amended pleading" and it is not necessary for the plaintiff to file an amended complaint and the defendant to test the sufficiency of that complaint through a motion to dismiss. *Hayes Mechanical, Inc.*, 351 Ill. App. 3d at 7.

¶ 50 In this case, we remanded the cause to afford plaintiff the opportunity to cure the defects in her medical battery claims, and the trial court repeatedly informed plaintiff of the need to comply with section 2-622 to preserve those claims. The new claims of fraudulent concealment, conspiracy, vicarious liability, and spoliation of evidence were not timely filed. Plaintiff had several previous opportunities to amend her pleading. In fact, in dismissing the second amended complaint with prejudice, the court commented that "I think the procedural history of this case will reflect that I bent over backwards to give you every opportunity to file the best pleading that you could file, to obtain legal counsel if you chose to do so, and you proceeded on your own." Under these circumstances, the trial court did not abuse its discretion in dismissing plaintiff's new claims with prejudice.

¶ 51 Plaintiff also argues that the dismissal violates her right to due process, because it denies her "right to remedy and justice," and that a genuine issue of material fact precludes the dismissal. She also claims that the statute of limitations or statute of repose does not bar her medical battery claims and that defendants failed to establish that plaintiff consented to the intrusions. Plaintiff's arguments are not developed or supported by citation to relevant authority (see Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013)) and otherwise lack merit.

¶ 52                                    III. CONCLUSION

¶ 53 For the reasons stated, we affirm the order of the circuit court of Du Page County dismissing the second amended complaint with prejudice.

¶ 54       Affirmed.