NOTICE

Decision filed 01/20/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200413-U

NO. 5-20-0413

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 19-L-40 |
| | ) | |
| JAY SWANSON, D.D.S., | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's dismissal of plaintiff's complaint is affirmed where plaintiff failed to attach a section 2-622 affidavit and report to complaint alleging medical battery.

¶ 2    Plaintiff, Cleother Tidwell, appeals the trial court's order dismissing his medical battery complaint for failure to include an affidavit or a dentist's report of merit, pursuant to section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 2018)). We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On June 11, 2019, Tidwell, a prisoner at Menard Correctional Center, filed a complaint against Jay Swanson, D.D.S. The complaint alleged that on or around December 18, 2018, Tidwell was taken to Dr. Swanson to remove a skin tag on his cheek. After Dr. Swanson injected Tidwell's cheek with a needle to anesthetize the area, Dr. Swanson also stuck a needle in

1

Tidwell's gum area. Tidwell became angry at Dr. Swanson and Tidwell eventually left without treatment. Tidwell's complaint alleged medical battery against Dr. Swanson. In support, Tidwell alleged that he could recover damages on his complaint because he established that the procedure performed was contrary to the patient's will and that the treatment was a substantial variance from the consent granted.

¶ 5 On July 27, 2020, Dr. Swanson filed a motion to dismiss which attached the local anesthesia consent signed by Tidwell on December 18, 2018, as well as a copy of the medical note from that date which claimed Tidwell refused treatment and would not allow Dr. Swanson to provide anesthesia. The motion to dismiss was based on section 2-622 of the Code (*id.*), which requires an affidavit and report to support any medical injury claim, and requested dismissal of the claim pursuant to section 2-619 of the Code (*id.* § 2-619). The motion also requested dismissal pursuant to section 2-615 of the Code (*id.* § 2-615), claiming the allegations were vague, conclusory, and failed to set forth sufficient facts.

¶ 6 The case proceeded to a Zoom hearing on October 13, 2020, and the matter was taken under advisement. On November 10, 2020, the trial court issued a docket entry order that found Tidwell's claims, "though styled as 'medical battery,' " were "in fact claims of dental malpractice as all actions taken by [Swanson] were done with consent of Plaintiff." After determining that Tidwell's claims were healing art malpractice claims, the trial court found that section 2-622 applied, and that Tidwell failed to comply with the statutory requirements and dismissed the complaint.

¶ 7 On November 17, 2020, Tidwell filed a motion to reconsider which claimed his consent was signed under coercion and duress. The trial court denied the motion in a docket entry order dated November 24, 2020. Tidwell appealed on December 15, 2020.

2

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, Tidwell contends that no section 2-622 affidavit or medical report was necessary. In support, he claims that since his consent was signed under coercion and duress, the consent was invalid. He further claims the trial court should have allowed him to call witnesses to show that his consent was signed under coercion. In response, Dr. Swanson states that Tidwell's medical battery claim attempts to circumvent section 2-622, but the affidavit and report are required. Dr. Swanson further contends that Tidwell's argument related to the alleged duress in signing the consent, as well as the guard's testimony regarding same, was not raised prior to Tidwell filing his motion for reconsideration. In reply, Tidwell claims that his argument regarding coercion and the guard's testimony was provided at the initial hearing.

¶ 10                                Tidwell's Consent

¶ 11     While it is possible Tidwell raised the issue of his allegedly coerced consent and requested leave to obtain the guard's testimony in support thereof at the initial hearing, there is no record of the proceedings available to either confirm or deny the conflicting arguments. The common law record reveals that no court reporter was present for any of the hearings. Such fact, however, does not eliminate Tidwell's obligation to provide a complete record to this court. *Kielminski v. St. Anthony's Hospital*, 68 Ill. App. 3d 407, 409 (1979). Instead, Tidwell could have provided a bystander's report or an agreed statement of facts. *Id.*; Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). Here, neither was filed.

¶ 12     When an appellant fails to provide a complete record on review, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Tidwell's *pro se* status does not absolve him of procedural requirements. *Kielminski*, 68 Ill. App. 3d at 409. There is nothing in Tidwell's

3

response to Dr. Swanson's motion to dismiss that claimed the consent was signed under duress or that guard testimony was necessary to support Tidwell's claims regarding the consent.

¶ 13   Further, careful review of the record reveals that Tidwell's "coercion" argument was first argued in his motion for reconsideration. A motion to reconsider is intended to bring to a trial court's attention "newly discovered evidence, changes in the law or errors in the court's prior application of existing law." *Universal Scrap Metals, Inc. v. J. Sandman & Sons, Inc.*, 337 Ill. App. 3d 501, 508 (2003). Tidwell's motion for reconsideration reveals a new argument that fails to comport with any above-stated bases. "Arguments raised for the first time in a motion for reconsideration in the circuit court are forfeited on appeal." *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36 (citing *Caywood v. Gossett*, 382 Ill. App. 3d 124, 134 (2008)). Accordingly, we decline to consider Tidwell's claims of coercion related to his consent.

¶ 14                              Section 2-622 Dismissal

¶ 15   On appeal, Tidwell requests reversal of the trial court's dismissal of his complaint pursuant to section 2-619 of the Code. 735 ILCS 5/2-619 (West 2018). "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). Our standard of review from a section 2-619 dismissal is *de novo*. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004). Even if the trial court's dismissal was premised on an improper ground, we "may affirm the dismissal if the record supports a proper ground for dismissal." *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 14 (citing *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004)).

¶ 16   On review of a section 2-619 dismissal, we accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that can be reasonably drawn in the plaintiff's favor.

4

*Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Here, there is no dispute that Tidwell's complaint alleged medical battery against Dr. Swanson. "A plaintiff claiming medical battery must establish one of the following: (1) no consent to the medical procedure performed; (2) the procedure was contrary to the injured party's will; or (3) substantial variance of the procedure from the consent granted." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 83. We interpret Tidwell's complaint to fall within the third category of medical battery addressing "substantial variance of the procedure from the consent granted" because Tidwell's complaint contended that it was unnecessary for Dr. Swanson to inject anesthesia in his gums to remove a skin tag on his cheek. As noted by Tidwell, "The visit was supposed to be for my cheek skin, [it had] nothing to do with my jawbone."

¶ 17    Our courts have found that some medical battery claims are governed by section 2-622 of the Code. *Id*. ¶ 96; *McDonald*, 2014 IL App (2d) 130401, ¶ 27. In both *Holzrichter* and *McDonald*, the courts found that the medical battery issues were so complicated that laypersons could not determine whether the proper medical standard of care was followed and therefore section 2-622 was applicable. *Holzrichter*, 2013 IL App (1st) 110287, ¶¶ 84-85; *McDonald*, 2014 IL App (2d) 130401, ¶ 27. As such, we consider whether Tidwell's medical battery claim falls into the purview of section 2-622.

¶ 18    Tidwell's claim turns on whether it was necessary for Dr. Swanson to inject anesthesia in Tidwell's gum to remove a skin tag on his cheek. This issue, which requires knowledge of the location of facial nerves and where anesthesia must be placed to perform the requisite skin tag removal procedure without pain, is well beyond that of a layperson. "An assessment of what is required or necessary in light of [a] medical condition is inherently one of medical judgment and, as a result, necessitates expert testimony on the standard of care." *Schindel v. Albany Medical*

*Corp.*, 252 Ill. App. 3d 389, 397-98 (1993). Therefore, we find that section 2-622 of the Code is applicable to Tidwell's medical battery claim.

¶ 19    Section 2-622 requires the plaintiff's counsel, or a *pro se* plaintiff, to attach an affidavit to the complaint attesting that (1) the affiant either consulted and reviewed the facts of the case with a health professional qualified as per the statute and said health professional prepared a written report finding the plaintiff's claim to be a reasonable and meritorious cause of action; or (2) the affiant was unable to obtain a consultation prior to the expiration of the statute of limitations; or (3) the affiant was unable to obtain the report due to medical records being untimely produced. 735 ILCS 5/2-622(a)(1)-(3) (West 2018). If the affiant's statement is based on the timely consultation with a qualified health professional, a copy of the health professional's report must also be attached to the complaint. *Id.* § 2-622(a)(1).

¶ 20    Here, Tidwell's complaint contained neither an affidavit addressing any of the section 2-622 requirements nor any health professional's written determination that a reasonable and meritorious cause for the filing of the action existed. As such, we affirm the trial court's dismissal of Tidwell's complaint due to a failure to comply with the requirements of section 2-622.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated herein, we affirm the trial court's denial of Tidwell's complaint.


¶ 23    Affirmed.