**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240464-U

Order filed April 22, 2025

---

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| GINA M. POSTULA, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | La Salle County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-24-0464 |
| | ) | Circuit No. 24-LA-11 |
| TYLER D. BLACKARD & CITY OF | ) | |
| LA SALLE, | ) | The Honorable |
| | ) | Jason A. Helland, |
| Defendants-Appellees. | ) | Judge, Presiding. |

---

JUSTICE PETERSON delivered the judgment of the court.
Justices Davenport and Bertani concurred in the judgment.

---

**ORDER**

¶ 1     *Held*:   The trial court properly granted defendants' motion to dismiss plaintiff's claims against defendants that alleged ordinary negligence because defendants were immune from liability for such claims. The appellate court, therefore, affirmed the trial court's judgment.

¶ 2     Plaintiff, Gina M. Postula, filed a civil lawsuit against defendants, Tyler D. Blackard and the City of La Salle (City), for personal injuries that she sustained in a traffic accident that occurred when her vehicle was struck by a City ambulance. Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735

ILCS 5/2-619(a)(9) (West 2022)) asserting that defendants were immune from liability for plaintiff's negligence claims based upon certain sections of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2-109, 5-106 (West 2022)) and the Emergency Medical Services Systems Act (EMS Act) (210 ILCS 50/3.150(a) (West 2022)). Following full briefing and a hearing on the matter, the trial court granted defendants' motion based upon the Tort Immunity Act and dismissed plaintiff's complaint. Plaintiff orally requested leave to amend, but the trial court denied that request. Plaintiff appeals. We affirm the trial court's judgment.

¶ 3                                      I. BACKGROUND

¶ 4        The facts as set forth in plaintiff's complaint, the documents filed in support of and in opposition to defendants' motion to dismiss, and the procedural record can be summarized as follows. On April 27, 2023, shortly before 1 p.m., plaintiff was traveling in her vehicle westbound on Third Street in La Salle Township, La Salle County, Illinois. As she entered into the intersection of Third Street and Sterling Street, her vehicle was struck by an ambulance that was traveling southbound on Sterling Street. The ambulance was owned by the City fire department and was being driven by Tyler D. Blackard, a licensed emergency medical technician. Blackard was working for the City at the time of the accident and was acting within the course of his employment. The intersection where the accident occurred did not have a stop sign in plaintiff's direction of travel but did have a stop sign in Blackard's direction of travel. According to plaintiff, Blackard failed to stop at the stop sign and failed to yield the right of way. Plaintiff suffered injuries as a result of the crash.

¶ 5        In January 2024, plaintiff filed the instant lawsuit against defendants. Plaintiff's complaint contained two counts, one count against Blackard and the other count against the City

2

as Blackard's employer (based upon *respondeat superior*). Both counts alleged that Blackard had committed certain negligent acts or omissions that caused the accident and plaintiff's injuries.

¶ 6     Defendants filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Code, alleging that they were immune from liability under the Tort Immunity Act and the EMS Act for plaintiff's negligence claims. As supporting documents, defendants attached to the motion the affidavits of Blackard and of Dale Tieman. In addition to some of the information already provided above, Blackard stated in his affidavit that on the date in question, just prior to the accident, he and his partner had been dispatched to provide an emergency health evaluation. As Blackard approached the intersection of Third Street and Sterling Street, the ambulance's lights were activated and Blackard slowed down to check for oncoming traffic. After Blackard did so, he proceeded into the intersection and an impact occurred between the front passenger side of the ambulance and the rear passenger side of plaintiff's vehicle. A copy of the dispatch report was attached to Blackard's affidavit.

¶ 7     Tieman stated in his affidavit that he was the Assistant Chief of the La Salle Fire and Emergency Services. On the date in question, Blackard and his partner were employed by the City through the City's Fire and Emergency Services. As confirmed by the dispatch report, which was also attached to Tieman's affidavit, the City's Fire and Emergency Services were dispatched and enroute to provide an emergency health evaluation at the time of the accident.

¶ 8     Plaintiff filed a response opposing the motion to dismiss and attached her own affidavit to the response. In her affidavit, plaintiff stated that at the time of the accident (or just prior to, presumably), Blackard did not have the siren activated on the ambulance and did not make an attempt to stop or slow down to avoid a collision, even though plaintiff had the right of way for her direction of travel and Blackard had a stop sign for his direction of travel at the intersection

3

where the accident occurred. Defendants filed a reply in support of their motion to dismiss and reiterated and expanded upon their prior arguments.

¶ 9    In June 2024, the trial court held a hearing on defendants' motion to dismiss. After listening to the oral arguments of the attorneys, the trial court granted the motion with prejudice, finding that defendants were immune from liability for plaintiff's negligence claims under the Tort Immunity Act. The trial court did not address whether defendants were also immune from liability under the EMS Act for plaintiff's negligence claims.

¶ 10    Plaintiff's attorney orally requested leave to file an amended complaint so that he could allege a claim or claims based upon the willful and wanton conduct of Blackard. Defendants' attorney opposed that request. As the trial court and the attorneys discussed the matter, plaintiff's attorney indicated that if the trial court was willing and wanted plaintiff's attorney to do so, plaintiff's attorney could amend the complaint to allege willful and wanton conduct.

¶ 11    The trial court asked plaintiff's attorney what additional facts he would allege in a proposed amended complaint to establish willful and wanton conduct, and plaintiff's attorney stated:

> "We would—well, we would have to consult with plaintiff and see if the court is willing to allow us to do that. So, you know, I—know it's—it's, you know, we—it may seem like a stretch to the court, but, you know, plaintiff in this instance, since we can't stand—the court believes we can't stand on our pleadings, you know, if we could be allowed to amend the complaint to at least get, you know, one last—you know, another bite at the apple, one last chance, you know, to try to, you know, I think pursue this cause of action."

4

¶ 12    After considering the parties' further arguments on the matter and the responses of plaintiff's attorney to the questions that the trial court had asked, the trial court denied plaintiff's attorney's oral request for leave to amend. Plaintiff appealed.

¶ 13                                    II. ANALYSIS

¶ 14              A. Grant of Defendants' Section 2-619 Motion to Dismiss

¶ 15    As her first point of contention on appeal, plaintiff argues that the trial court erred in granting defendants' section 2-619 motion to dismiss plaintiff's negligence claims against defendants (counts I and II of the complaint). Plaintiff asserts that the motion should have been denied because her negligence claims were not barred by the Tort Immunity Act or the EMS Act. According to plaintiff, the statutory immunities did not apply in this case because Blackard was merely driving the ambulance to his destination and was not truly providing medical services when the accident occurred, that paramedics and emergency medical technicians were required to follow the rules of the road, and that Blackard's negligence consisted of more than merely inadvertent mistakes. Plaintiff asks, therefore, that we reverse the trial court's grant of the motion to dismiss and that we remand this case for further proceedings.

¶ 16    Defendants argue that the trial court's ruling was proper and should be upheld. Defendants assert that the trial court correctly granted the motion to dismiss because plaintiff alleged only claims of ordinary negligence and defendants were immune from liability for such claims under both the Tort Immunity Act and the EMS Act. In making that assertion, defendants maintain that (1) plaintiffs allegations in this case, which were based upon the ordinary negligence of a City ambulance driver, who had been dispatched to perform an emergency health evaluation, came within the clear terms of the applicable immunity sections of both Acts; and (2) plaintiff did not tender or otherwise make of record any facts showing willful and wanton

conduct on Blackard's part as the ambulance driver. Defendants ask, therefore, that we affirm the trial court's grant of defendants' section 2-619 motion to dismiss plaintiff's negligence claims against defendants (counts I and II of the complaint).

¶ 17    Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2022); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2022). Under subsection (a)(9), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2022). An "affirmative matter" is something in the nature of a defense that negates the cause of action completely. *Van Meter*, 207 Ill. 2d at 367. Statutory immunity is an affirmative matter that may properly be raised in a section 2-619(a)(9) motion to dismiss. See *id.* In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. A section 2-619 motion to dismiss should not be granted unless it is clearly apparent that the plaintiff can prove no set of facts that would entitle the plaintiff to recovery. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. On appeal, a dismissal

6

pursuant to section 2-619 is reviewed *de novo. Van Meter*, 207 Ill. 2d at 368. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of a section 2-619 motion to dismiss a complaint may be affirmed on any basis supported by the record. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 14.

¶ 18     In the instant case, the trial court granted the motion to dismiss based upon the application of the Tort Immunity Act. The Tort Immunity Act's purpose is to protect local public entities and public employees from liability arising from the operation of government. 745 ILCS 10/1-101.1 (West 2022); *Harris v. Thompson*, 2012 IL 112525, ¶ 17. By providing immunity, the legislature sought to prevent the diversion of public funds from their intended purpose to the payment of damage claims. *Harris*, 2012 IL 112525, ¶ 17.

¶ 19     The section of the Tort Immunity Act at issue in the present case, section 5-106, entitled "Emergency calls," provides that:

> "Except for willful or wanton conduct, neither a local public entity, nor a public employee acting within the scope of his employment, is liable for an injury caused by the negligent operation of a motor vehicle or firefighting or rescue equipment, when responding to an emergency call, including transportation of a person to a medical facility." 745 ILCS 10/5-106 (West 2022).

The general policy underlying the limited immunity provided in section 5-106 is that if ambulance or other emergency vehicle operators were haunted by the possibility of facing devastating personal liability for negligence for decisions that they made or actions that they took in responding to an emergency, the performance of those operators would be hampered. See *Harris*, 2012 IL 112525, ¶ 18; *Buell v. Oakland Fire Protection District Board*, 237 Ill. App. 3d

7

940, 944 (1992); *Young v. Forgas*, 308 Ill. App. 3d 553, 559 (1999). In addition to the immunity provided in section 5-106, the Tort Immunity Act also provides in section 2-109 that a local public entity, such as the City in the instant case, is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109 (West 2022).

¶ 20 In the present case, after reviewing plaintiff's complaint and the documents filed in support of and in opposition to defendants' motion to dismiss, we conclude that section 5-106 of the Tort Immunity Act is directly on point and that it applies under the factual circumstances alleged. As noted above, section 5-106 grants immunity to public ambulance drivers and public entities that provide ambulance services for injuries caused by the negligent operation of a motor vehicle or firefighting or rescue equipment when responding to an emergency call. See 745 ILCS 10/5-106 (West 2022); *Harris*, 2012 IL 112525, ¶¶ 17-18, 26. Plaintiff alleged in her complaint that Blackard was working as a public employee (that he was working as a City employee and acting within the scope of his employment) operating the ambulance when the accident occurred and that the City was a public entity. The motion filings also established that Blackard was responding to an emergency call at the time that the accident occurred. Based upon the allegations in plaintiff's complaint and the facts presented in the motion filings, the trial court correctly determined that Blackard and the City were immune from liability under section 5-106 (and section 2-109) of the Tort Immunity Act for plaintiff's negligence claims and properly granted defendants' section 2-619 motion to dismiss those claims on that basis. Because we have reached that conclusion, we need not address the parties' remaining arguments on whether

defendants were entitled to immunity for plaintiff's negligence claims under the EMS Act as well.[1]

¶ 21                    B. Denial of Plaintiff's Oral Request for Leave to Amend

¶ 22          As her second point of contention on appeal, plaintiff argues that the trial court erred in denying her oral request for leave to amend her complaint to add a claim or claims against defendants alleging that Blackard had engaged in willful and wanton conduct. Plaintiff asserts that the trial court unfairly and arbitrarily denied her the opportunity to continue pursuing her claims by refusing plaintiff the chance to amend her complaint. In making that assertion, plaintiff points out that her attorney told the trial court that plaintiff could amend the complaint to allege willful and wanton conduct if the trial court allowed plaintiff to do so, but the trial court refused. Plaintiff also notes that the parties never had an opportunity to conduct discovery in this case. Plaintiff maintains that the trial court's refusal to grant plaintiff leave to amend under the present circumstances constituted an abuse of discretion. For that reason, plaintiff asks that we reverse the trial court's ruling (both the grant of defendant's motion to dismiss and the denial of plaintiff's request for leave to amend), that we grant plaintiff leave to file an amended complaint in the trial court, and that we remand this case for further proceedings.

¶ 23          Defendants argue that the trial court's denial of plaintiff's oral request for leave to amend was proper and should be upheld. Defendants assert that the trial court correctly denied plaintiff's request because plaintiff never tendered any proposed written amendment or otherwise

---

[1]We take no position on whether the immunity provisions of the Tort Immunity Act would apply in this case instead of the immunity provisions of the EMS Act, or vice versa, or whether the immunity provisions of both Acts would apply. See, *e.g.*, *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 346-48 (2008) (finding in a case where the immunity provisions of the EMS Act and the immunity provisions of the Tort Immunity Act (not the same provisions of the Tort Immunity Act cited in the present case) both potentially applied, that the immunity provisions of the EMS Act governed under the factual circumstances involved). The parties have not raised or argued that issue in this appeal.

made of record with any specificity the well-pled facts that would support her new theory of recovery (willful and wanton conduct) and that would cure the factual deficiencies in her complaint. Defendants assert further that even on appeal, plaintiff cannot articulate what well-pled facts would support a claim of willful and wanton conduct against defendants. Defendants contend, therefore, that the trial court did not abuse its discretion in denying plaintiff's oral request for leave to amend. Accordingly, defendants asks this court to affirm the trial court's ruling denying that request.

¶ 24        In Illinois, courts are encouraged to freely and liberally allow amendments to pleadings so that litigants may be permitted to fully present their causes of action and to resolve their disputes on the merits. See *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467 (1992); *Stringer Construction Co. v. Chicago Housing Authority*, 206 Ill. App. 3d 250, 258 (1990). In fact, section 2-616(a) of the Code authorizes the amendment of pleadings at any time before final judgment on just and reasonable terms. 735 ILCS 5/2-616(a) (West 2022). A party's right to amend pleadings, however, is not absolute or unlimited. *Lee*, 152 Ill. 2d at 467. Rather, the decision whether to grant or deny leave to amend a pleading rests within the sound discretion of the trial court. *Id.* Some of the factors that a court considers in determining whether to grant a motion to amend pleadings are whether the amendment would cure a defect in the pleadings, whether the other party would be prejudiced or surprised by the proposed amendment, whether the proposed amendment was timely, and whether there were previous opportunities to amend the pleadings. *Id.* at 467-68. The most important consideration, however, is whether allowing the amendment would further the interests of justice. See *Stringer Construction Co.,* 206 Ill. App. 3d at 260.

¶ 25    A trial court's ruling on a motion for leave to amend a pleading will not be disturbed on appeal absent an abuse of discretion. *Lee*, 152 Ill. 2d at 467. The threshold for finding an abuse of discretion is a high one and will not be overcome unless it can be said that the trial court's ruling was arbitrary, fanciful, or unreasonable, or that no reasonable person would have taken the view adopted by the trial court. See *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009); *In re Leona W.*, 228 Ill. 2d 439, 460 (2008). In addition, before the trial court can be deemed to have abused its discretion in denying a motion for leave to amend, the record must show that reasons or facts were presented to the trial court as a basis for requesting the favorable exercise of the court's discretion. See *In re Estate of Nicholson*, 268 Ill. App. 3d 689, 695 (1994). It is not error for the trial court to refuse to grant leave to amend when there are no means of determining whether the amendment will be proper and sufficient. *Id.*

¶ 26    In the instant case, plaintiff orally requested leave to amend the complaint to add a claim or claims of willful and wanton conduct. A defendant is guilty of willful and wanton conduct, as defined in the Tort Immunity Act and under established Illinois case law, if the defendant has engaged in a course of action that shows either an actual or deliberate intention to harm or an utter indifference to, or conscious disregard for, the safety of others or their property. See 745 ILCS 10/1-210 (West 2022); Illinois Pattern Jury Instructions, Civil, No. 14.01 (2023); *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 235 (2007); *Harris*, 2012 IL 112525, ¶ 41. Whether conduct is willful and wanton depends on the circumstances of each case and is normally a question of fact for the trier of fact to decide. See *Harris*, 2012 IL 112525, ¶¶ 41-42; *Williams v. City of Evanston*, 378 Ill. App. 3d 590, 597 (2007)). Nevertheless, the trial court may decide the issue and hold as a matter of law that a public employee's actions do not constitute willful and

11

wanton conduct where no other contrary conclusion may be drawn from the record presented. See *Williams*, 378 Ill. App. 3d at 597.

¶ 27     After reviewing the record in the present case, we conclude that the trial court did not err in denying plaintiff's oral motion for leave to file an amended complaint. Although plaintiff's attorney told the trial court that he could amend the complaint to allege willful and wanton conduct, he did not submit a proposed amended pleading in writing for the trial court to consider in making its ruling or at any time thereafter. In addition, when plaintiff's attorney was asked further at the hearing on the motion to dismiss about his request for leave to amend, he was unable to state any specific additional facts that he would allege to try to plead a claim or claims that would be based upon the willful and wanton conduct of Blackard in operating the ambulance. Although plaintiff suggests on appeal that Blackard was not sounding the ambulance's siren shortly before the accident occurred, as defendants correctly note, such an act or omission, by itself, generally does not constitute willful and wanton conduct. See *Harris*, 2012 IL 112525, ¶ 44; *Williams*, 378 Ill. App. 3d at 600. Nor does an ambulance driver's failure to stop at a stop sign prior to entering an intersection, in and of itself. See *Williams*, 378 Ill. App. 3d at 600-01. Furthermore, while plaintiff comments in her appellate brief that it was unfortunate that discovery was not conducted in this case, plaintiff cannot complain about the lack of discovery because she did not file an Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) affidavit with her response to the motion to dismiss requesting that discovery be conducted. See *Miller v. Thomas*, 275 Ill. App. 3d 779, 790 (1995) (indicating that the plaintiffs in that case could not ask for a reversal on the basis that they needed additional discovery to oppose the motion to dismiss because the plaintiffs failed to use the Rule 191(b) procedure to address their discovery needs).

12

¶ 28                                III. CONCLUSION

¶ 29          For the foregoing reasons, we affirm the judgment of the circuit court of La Salle County.

¶ 30          Affirmed.