THIRD DIVISION
November 1, 2006

No. 1-05-3861

| | |
|---|---|
| AGATA TKACZ, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County |
| | ) |
| v. | ) |
| | ) |
| FRED S. WEINER, d/b/a Lifetimes Smiles, also d/b/a | ) No. 04 L 13861 |
| Associates for Implant and Cosmetic Dentistry and | ) |
| Associates for Implant, Cosmetic and Family | ) |
| Dentistry; LIFETIME SMILES, P.C., an Illinois | ) |
| Corporation; and LIFETIME SMILES DENTISTRY, | ) |
| P.C., an Illinois Corporation, | ) Honorable |
| | ) Michael J. Hogan |
| Defendants-Appellees. | ) Judge Presiding. |
| | ) |
| | ) |

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff Agata Tkacz filed a two-count complaint against defendants Fred S.

Weiner, d/b/a Lifetimes Smiles, also d/b/a Associates for Implant & Cosmetic Dentistry

and Associates for Implant, Cosmetic & Family Dentistry; Lifetime Smiles; and Lifetime

Smiles Dentistry for professional negligence (count I) and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 et seq. (West 2004)) (count II). The trial court granted defendant's motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) to dismiss count II and plaintiff appealed. For the following reasons, we affirm the judgment of the trial court.

BACKGROUND

Plaintiff filed a two-count complaint against defendants on December 13, 2004. Count I of the complaint alleged a claim for professional negligence against defendants, in that they failed to exercise the normal and customary care commonly exercised by other dentists while rendering treatment to plaintiff. Count II sought damages against defendants for violations of the Act (815 ILCS 505/1 *et seq.* (West 2004)). Count II incorporated by reference the allegations in count I and further alleged that defendants knowingly and deliberately engaged in a pattern and practice of falsely informing patients of their dental needs in order to improperly increase charges and billed patients for work never performed. Specifically, count II alleged that defendants violated the Act in one or more of the following respects: "(1) engaging in a pattern and practice of advising patients that they needed extensive dental care which they did not need in order to improperly increase their fees, billing and charges; [and] (2) obtaining payment for the extensive work which they represented was necessary and either not performing the requisite care at all or performing it in a slovenly or substandard manner."

Defendants filed a section 2-619 (735 ILCS 5/2-619 (West 2004)) motion to

dismiss count II of plaintiff's complaint wherein defendants argued that the Act did not apply to plaintiff's allegations of professional negligence because dental services do not fall within the meaning of "trade or commerce" as defined by the Act. The trial court granted defendants' motion to dismiss count II and included Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language that there was no just reason to delay enforcement or appeal from the dismissal of count II. This appeal followed.

ANALYSIS

A section 2-619(a)(9) motion to dismiss allows for dismissal of a cause of action when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). The term "affirmative matter" as used in section 2-619(a)(9) has been defined as "a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint." *Consumer Electric Co. v. Cobelcomex, Inc.*, 149 Ill. App. 3d 699, 703 (1986). On appeal, the question that must be answered is " ' whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Zedella v. Gibson*, 165 Ill. 2d 181, 185-86 (1995), quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993). When deciding a section 2-619 motion, the court takes all well-pleaded facts in the complaint as true. *Sadler v. Creekmur*, 354 Ill. App. 3d 1029, 1039 (2004). We review the granting of a section 2-619 motion to dismiss *de novo. Neppl v. Murphy*, 316 Ill. App.

3d 581, 583 (2000).

Plaintiff contends count II of his complaint established a cause of action under the Act. The relevant portion of the Act provides:

"[U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' * * * in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 2004).

In short, to establish a claim under the Act, a plaintiff must prove: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that plaintiff rely on the act or practice; and (3) the occurrence of the deception in the course of conduct involving trade or commerce. *Zekman v. Direct American Marketers*, *Inc.*, 182 Ill. 2d 359, 373 (1998).

As previously stated, the trial court granted defendants' section 2-619 motion to dismiss Count II on the ground that plaintiff failed to state a cause of action because "the Consumer Fraud Act is not applied to the practices of medicine, dentistry or law as they are not ordinary commercial enterprises." Plaintiff now argues (1) the practice of dentistry is a "trade or commerce" so as to fall under the ambit of the Act; and (2) the

4

term "trade or commerce" is broad enough to include the business aspects of dentistry. We will discuss each issue in turn.

The Act defines "trade and commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1(f) (West 2004).

Illinois courts have previously interpreted the term "trade or commerce" as defined by the Act to exclude medical, dental and legal services. In *Frahm v. Urkovich*, 113 Ill. App. 3d 580 (1983), an attorney who represented clients in a real estate transaction was sued under the Act for misrepresenting certain material facts. This court upheld the dismissal of the claim, finding that the practice of law was distinctly different from ordinary commercial practices to be covered under the Act. In *Feldstein v. Guinan*, 148 Ill. App. 3d 610 (1986), a hospital refused to renew a physician's residency contract for the year following his initial contract. The physician brought suit against the hospital under the Act. Citing *Frahm*, this court held that the practice of medicine was not an ordinary commercial enterprise and therefore the Act did not apply to the practice of medicine. Most recently in *Baksh v. Human Rights Commission*, 304 Ill. App. 3d 995 (1999), this court was faced with the issue of whether a dental office could constitute a "place of public accommodation" or "business" under the Human Rights Act (775 ILCS 5/1-101 *et seq*. (West 1996)). In resolving this issue, this court looked to the Consumer Fraud Act for guidance, as both acts are remedial in nature.

Believing the word "business" as defined by the Human Rights Act and the term "trade or commerce" as defined by the Consumer Fraud Act to be synonymous, the court looked to previous Illinois court decisions interpreting the definition of "trade or commerce" under the Consumer Fraud Act. Relying on *Frahm* and *Feldstein*, the *Baksh* court held that a dentist's office was not a "business" as contemplated by the Human Rights Act given that Illinois courts had previously interpreted the term "trade or commerce" under the Consumer Fraud Act to exclude medical, legal and dental services. *Baksh*, 304 Ill. App. 3d at 1005.

We consider the aforementioned decisions to be instructive. Consequently, we reject plaintiff's claim that the practice of dentistry is a "trade or commerce" so as to fall under the ambit of the Act.

Plaintiff's next argument is that the allegations contained in count II establish violations of the Act with respect to the business aspects of defendants' dental practice. As previously stated, Count II of plaintiff's complaint alleged that defendants engaged in professional negligence, violated the Act by advising patients that they needed dental work, when they did not, in order to increase their fees, and violated the Act by obtaining payment for work that was not performed or was performed in a substandard manner.

Distinctions have been made between the "actual practice" of medicine and law and the "business aspects" of medicine and law. As previously discussed, the *Frahm* court found that if a lawyer's activities constitute the actual "practice of law" those actions are exempt under the Act. In reaching this conclusion, the *Frahm* court

6

distinguished between the nonbusiness aspects and the business aspects of the practice of law and found that the misrepresentations made by the attorney occurred during defendant attorney's "actual practice of law." *Frahm*, 113 Ill. App. 3d at 583-84. In *Gadson v. Newman*, 807 F.Supp. 1412 (C.D. Ill., 1992), the issue before the court was whether a business arrangement between a hospital and a psychiatric clinic constituted "trade or commerce" under the Act. In resolving the issue before it, the court recognized the crucial distinction between the "business aspects" of medicine and the "actual practice of medicine" and looked to *Frahm* for guidance. Because the *Frahm* court never defined the phrase "actual practice of law," the *Gadson* court:

> "assum[ed] that the determination of a minimum fee schedule for attorneys is not the 'practice of law,' but instead is a 'business aspect' of law, subject to regulation. We further interpret *Frahm* to mean that the 'practice of law' exception includes activities directly related to the lawyer's professional training or where the lawyer is already subject to regulation from his or her professional organizations." *Gadson*, 807 F.Supp at 1417.

The *Gadson* court found that, consistent with its interpretation of the language employed in *Frahm*, the Act is not broad enough to allow the imposition of statutory liability for misconduct that amounts to professional malpractice, as professional malpractice is "an area fundamentally related to an attorney's or physician's professional training and regulation." *Gadson*, 807 F.Supp at 1417. The court noted that unlike the conduct in *Frahm* which was subject to extensive professional regulation, a contract for medical services between a hospital and a medical clinic was an ordinary

7

commercial contract not involving the actual practice of medicine and was, therefore, not subject to professional regulation. The court concluded that there was no reason that contracts of this kind should be distinguished from ordinary commercial contracts regulated by the Act. *Gadson*, 807 F.Supp at 1417-18.

Unlike *Gadson*, the case at bar involves professional negligence. Although plaintiff pled a violation of the Act in count II of his complaint, plaintiff's allegations in count II are a mere reiteration of his allegations for professional negligence, that defendants failed to exercise the normal and customary care commonly exercised by other dentists while rendering treatment to plaintiff. Following the reasoning in *Gadson*, we fail to see how the conduct plaintiff complains of falls under the ambit of the Act. Plaintiff's allegations clearly fall within defendants' "actual practice of dentistry" as the allegations specifically attack defendants' skills and decision making as related to defendants' professional training. Furthermore, despite plaintiff's claims to the contrary, the practice of dentistry is highly regulated by the Department of Financial and Professional Responsibility.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

THEIS, P.J., concurs.

GREIMAN, J., specially concurrs.

JUSTICE GREIMAN, specially concurring:

Although I agree that our case law dictates the result reached by the majority, I write separately to express my displeasure with the law as it stands on this issue in

1-05-3861

Illinois. In my view, doctors, dentists and lawyers are no different from other business people. They are part of the stream of commerce and are engaged in the sale of services. Moreover, the plain language of the Act provides that it applies to those involved in trade or commerce and does not specifically except from its ambit the medical, dental and legal professions.

The fact that the legal and medical professions are controlled to a degree by state regulations is of little significance. For example, a plumber, who must be accredited by the state, in order to increase her profits, could conceivably be held liable under the Act if she were to advise a client that certain plumbing work was necessary when in fact it was not. Much like that plumber, here defendants, in order to increase their profits, allegedly advised plaintiff to have unnecessary dental work performed and performed that unnecessary dental work.

As the Gadson court points out, "[u]nlike Illinois caselaw (Frahm and Feldstein) which recognize an exception to the Illinois Consumer Fraud Act for the practice of law or medicine, the [Federal Trade Commission and the Federal Trade Commission Act] regulate[] both professions." Gadson, 807 F. Supp. at 1418. I believe this is the better approach.