# Illinois Official Reports

## Appellate Court

---

### *Ripes v. Schlechter*, 2017 IL App (1st) 161026

---

| | |
|---|---|
| Appellate Court Caption | ELIZABETH RIPES, Plaintiff-Appellant, v. BENJAMIN SCHLECHTER and NORTH SHORE AESTHETICS, P.C., Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-16-1026 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | March 29, 2017<br><br>June 2, 2017<br>October 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-6456; the Hon. Patrick J. Sherlock, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mulligan Law, LLC, of Chicago (Michael T. Mulligan, of counsel), for appellant.<br><br>Cunningham, Meyer & Vedrine, P.C., of Warrenville (Scott A. Herbert, Todd W. Hunnewell, and Robert L. Larsen, of counsel), for appellees. |

Panel                        JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Cobbs concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Elizabeth Ripes, filed a complaint alleging breach of contract, medical battery, and a violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act or Act) (815 ILCS 505/1 *et seq.* (West 2012)) against defendants Dr. Benjamin Schlechter and North Shore Aesthetics, P.C. (North Shore or North Shore Aesthetics) following an errant plastic surgery procedure. Defendants filed a motion to dismiss Ripes's filing, which the circuit court granted. Ripes appeals the circuit court's ruling, arguing that the court erred in concluding that she was required to submit an affidavit in accordance with section 2-622 of the Code of Civil Procedure (Code or Civil Code) (735 ILCS 5/2-622 (West 2012)) and in finding that she failed to state a valid cause of action under the Consumer Fraud Act. For the reasons explained herein, we affirm the judgment of the circuit court.

¶ 2                              BACKGROUND

¶ 3    On October 9, 2014, plaintiff Ripes underwent several plastic surgery procedures. The procedures were performed by defendant Dr. Schlechter, a licensed plastic surgeon and the president of North Shore Aesthetics. Thereafter, on June 24, 2015, Ripes filed a complaint alleging claims of breach of contract, medical battery, and consumer fraud. In her complaint, Ripes alleged that on September 7, 2014, she attended a consultation with Dr. Schlechter at his office at North Shore Aesthetics "to inquire about obtaining various plastic surgery procedures, one of which included removing [her] existing breast implants," which had been placed above the pectoral muscle "and replacing them with new implants." Ripes further alleged that she "specifically requested, and [Dr. Schlechter] agreed, that the new implants would be placed below the pectoral muscle." Following the consultation, Ripes agreed to pay Dr. Schlechter $17,000 to perform the requested procedures and a formal written surgery proposal was drawn up that itemized the procedures that Ripes had requested. The proposal, which was attached to Ripes's complaint, reflected that Dr. Schlechter was to remove Ripes's existing "intact mam[mary] implant[s]" and to perform a "mammaplasty augmentation w[ith] prosth[etic] implant." Although the proposal did not specify the placement of Ripes's new implants, she alleged that she and Dr. Schlechter "verbally agreed and understood that the implants would be placed below the pectoral muscle." In contravention of this agreement, Ripes alleged that when Dr. Schlechter performed the procedure on October 9, 2014, he placed her new implants above the pectoral muscle. This was done "contrary to [Ripes's] understanding and consent" and "contrary to the parties' agreement." The procedure and the purported improper placement of Ripes's new breast implants formed the basis for her breach of contract, medical battery, and consumer fraud claims.

¶ 4    Defendants responded with a motion to dismiss Ripes's complaint. In their motion, defendants argued that, notwithstanding the terminology Ripes employed in her complaint, her

- 2 -

filing essentially sounded in medical healing arts malpractice. As a result, defendants argued that plaintiff was required to submit an affidavit and report completed by a licensed medical professional, attesting that her claims had merit in accordance with the pleading requirements set forth in section 2-622 of the Civil Code (735 ILCS 5/2-622 (West 2012)). According to defendants, Ripes's failure to include such an affidavit required dismissal of her entire complaint. Defendants further argued that plaintiff's Consumer Fraud Act claim failed as a matter of law because a claim under the Act only applies to deceptive acts committed in the context of trade or commerce and the practice of medicine is not a type of trade of commerce covered by the Act.

¶ 5 In response, Ripes disputed defendants' characterization of her complaint and argued that her filing did not, as defendants' contended, sound in medical healing arts malpractice. As a result, Ripes argued that her complaint was not subject to the pleading requirements of section 2-622 of the Code. Ripes further argued that her Consumer Fraud Act claim did not fail as a matter of law because Dr. Schlechter employed deception and engaged in a deceptive business practice when he agreed to place her new breast implants below the pectoral muscle but then failed to do so.

¶ 6 The circuit court, after considering the arguments of the parties, issued a detailed written order, granting defendants' motion to dismiss Ripes's complaint. In doing so, the court found that counts I and II of plaintiff's complaint, alleging breach of contract and medical battery, respectively, both sounded in medical healing arts malpractice, and as result, plaintiff was subject to the pleading requirements set forth in section 2-622 of the Code. The court concluded that the absence of a section 2-622 affidavit warranted dismissal of both counts without prejudice. With respect to count III, plaintiff's Consumer Fraud Act claim, the court concluded that "the practice of medicine [wa]s not a trade or commerce" and that the Act therefore did not apply to the provision of medical services. The court thus dismissed Ripes's Consumer Fraud Act claim with prejudice.

¶ 7 Ripes responded with a motion to reconsider, which the circuit court denied in another detailed written order. Thereafter, Ripes declined to file an amended complaint with a section 2-622 affidavit and, instead, elected to stand on her original complaint. As a result, the circuit court entered a written order dismissing plaintiff's entire complaint with prejudice. This appeal followed.

¶ 8                                                                     ANALYSIS
¶ 9                                                 Section 2-622 Affidavit Requirement
¶ 10 On appeal, Ripes argues that the circuit court erred in finding that her complaint alleged claims of "healing art malpractice," which were required to be supported by an affidavit in accordance with section 2-622 of the Civil Code. She submits that neither her breach of contract claim nor her medical battery claim sounded in medical healing art malpractice and, as a result, a section 2-622 affidavit was not required.

¶ 11 Defendants respond that the circuit court properly granted their motion to dismiss Ripes's complaint. Notwithstanding the caption employed by plaintiff in the first two counts of her complaint, defendants argue that her claims for breach of contract and medical battery both sounded in medical healing art malpractice, and as a result, she was required to submit an affidavit and report by a licensed physician attesting to the merit of her cause of action in accordance with the requirements set forth in section 2-622 of the Civil Code. Defendants

maintain that the circuit court properly concluded that Ripes's failure to meet section 2-622's pleading requirements warranted dismissal of her claims.

¶ 12    A motion filed in accordance with section 2-619.1 of the Civil Code allows a party to file a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2012)). 735 ILCS 5/2-619.1 (West 2012). *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. A motion filed pursuant to 2-615 of the Code challenges the legal sufficiency of the complaint based on defects that are apparent on its face. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364 (2004). A motion to dismiss pursuant to section 2-619 of the Code, in turn, admits the legal sufficiency of the complaint but alleges that an affirmative matter defeats the claim contained therein. *Patrick Engineering*, 2012 IL 113148, ¶ 31. When reviewing motions brought pursuant to either section, the court must accept as true all well-pleaded facts as well as all of the reasonable inferences that arise therefrom and disregard any conclusions that are not supported by allegations of fact. *Id.*; *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009). Dismissals entered in accordance with either code section are subject to *de novo* review. *Patrick Engineering*, 2012 IL 113148, ¶ 31; *Purmal v. Robert N. Wadington & Associates*, 354 Ill. App. 3d 715, 720 (2004). The failure to file an affidavit or report in accordance with section 2-622 of the Code is an appropriate ground for the dismissal of a complaint sounding in "medical, hospital, or other healing art malpractice." 735 ILCS 5/2-622(g) (West 2012); *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995, 997 (1996).

¶ 13    Section 2-622 of the Civil Code provides as follows:

"§ 2-622. Healing art malpractice.

(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

(1) That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of such action. If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, a psychologist, or a naprapath, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. In either event, the affidavit must identify the

profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached." 735 ILCS 5/2-622(a)(1) (West 2012).

¶ 14 Section 2-622's pleading requirements were designed to reduce the number of frivolous medical malpractice lawsuits that are filed at an early stage before the expenses associated with such litigation mount. *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 116-17 (2004); *Schroeder v. Northwest Community Hospital*, 371 Ill. App. 3d 584, 595 (2006); *Hobbs v. Lorenz*, 337 Ill. App. 3d 566, 569 (2003). In accordance with the plain language of this provision, section 2-622's pleading requirements applied to all claims premised on medical, hospital, or other healing art malpractice. 735 ILCS 5/2-622(a)(1) (West 2012). It is well-settled, however, that not every act or omission committed by a physician or hospital constitutes medical, hospital or other healing art malpractice. *Milos v. Hall*, 325 Ill. App. 3d 180, 183 (2001). Nonetheless, courts construing section 2-622 of the Code have held that the phrase must be interpreted "broadly" when determining the applicability of section 2-622's affidavit requirement to a particular cause of action. *Id.*; *Woodard v. Krans*, 234 Ill. App. 3d 690, 703 (1992). In particular, "the phrase 'healing art' should be given broad application encompassing 'an entire branch of learning dealing with the restoration of physical or mental health.' " *Jackson v. Chicago Classic Janitorial & Cleaning Service, Inc.*, 355 Ill. App. 3d 906, 911 (2005) (quoting *Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 654 (1987)). Because the plain language of section 2-622 does not limit the affidavit requirement solely to ordinary medical malpractice claims arising in a hospital setting (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 93), courts must consider the underlying *nature* of the plaintiff's claim to determine whether a particular cause of action, regardless of how it is captioned in the plaintiff's complaint, sounds in medical healing art malpractice (*Jackson*, 355 Ill. App. 3d at 913; *Milos*, 325 Ill. App. 3d at 183; see also *Fiala v. Bickford Senior Living Group, LLC*, 2015 IL App (2d) 150067, ¶ 29 (recognizing that "a court will look beyond a party's characterization of the claim and will examine the underlying allegations or facts" to determine whether a claim is subject to section 2-622's pleading requirements)). Accordingly, courts that have applied this rule to various pleadings have concluded that claims for breach of contract, fraud, and medical battery will be subject to section 2-622's pleading requirements where the underlying nature of those claims sound in medical healing art malpractice. See, *e.g.*, *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96 (finding that the plaintiff's claim for medical battery premised on the defendant doctor allegedly exceeding the scope of the plaintiff's consent during a surgical procedure was subject to the requirements of section 2-622 of the Code because the nature of the claim was essentially one for medical malpractice); *Bloom v. Guth*, 164 Ill. App. 3d 475, 477-78 (1987) (concluding that all of the claims included in the plaintiff's complaint, including claims for breach of contract and consumer fraud, sounded in medical malpractice, rendering section 2-622's affidavit requirement applicable). As a general rule, section 2-622's pleading requirements will apply if the allegations contained in the plaintiff's complaint involve issues of medical diagnoses, skill, knowledge, or treatment that is "beyond the ken" of the average

- 5 -

juror.[1] See, *e.g.*, *Fiala*, 2015 IL App (2d) 150067, ¶ 29; *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 27; *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96.

¶ 15    As set forth above, the basis for Ripes's breach of contract claims is Dr. Schlechter's placement of her replacement breast implants above, rather than below, her pectoral muscle, in contravention of their express oral agreement to the contrary. Although Ripes suggests her claim does not involve a matter that is beyond the ken of the ordinary lay persons and does not require a medical expert's testimony, we disagree. Plastic surgery procedures generally, and breast augmentation surgeries specifically, do not fall within the general knowledge common to layperson jurors. That is, the average juror is not familiar with the different placement options for breast implants or the knowledge, methodology, and skill a plastic surgeon employs to place a breast implant above or below the pectoral muscle. We reiterate the courts must "broadly" construe the phrase "medical, hospital, or other healing art malpractice" to determine the applicability of section 2-622's pleading requirements. *Milos*, 325 Ill. App. 3d at 183; *Woodard*, 234 Ill. App. 3d at 703. After considering the nature of plaintiff's breach of contract claim, we conclude that the claim sounds in healing art malpractice and that the circuit court properly dismissed count I of Ripes's complaint for failing to comply with section 2-622's pleading requirements. See 735 ILCS 5/2-622(a) (West 2012) (the pleading requirements apply to any action "in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," including "tort, *contract* or otherwise" (emphasis added)).

¶ 16    With respect to Ripes's medical battery claim, we note that courts have generally concluded that section 2-622's affidavit requirement applies when a plaintiff's claim of medical battery involves the issue of whether the treatment provided or the procedure performed by the defendant medical professional substantially deviated from the scope of the consent that the plaintiff provided. See, *e.g.*, *McDonald*, 2014 IL App (2d) 130401, ¶ 27; *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96; *cf. Fiala*, 2015 IL App (2d) 150067, ¶¶ 32-35 (concluding that the plaintiff's medical battery claim did not sound in medical healing art malpractice and was not required to be supported by a section 2-622 affidavit where the basis for the plaintiff's claim was not that the defendant doctor deviated from the scope of his consent, but that he did not consent at all to the defendant's administration of a particular medication). In doing so, courts have concluded that the issue of whether a doctor deviated from the scope of the plaintiff's consent is one that is generally beyond the ken of the average lay juror because the assessment of such a claim requires specialized knowledge, skill, and

---

[1] Ripes, citing *Jackson v. Chicago Classic Janitorial & Cleaning Service, Inc.*, 355 Ill. App. 3d 906, 909 (2005), argues that courts must consider three factors to determine the applicability of section 2-622 of the Code, including (1) whether the applicable standard of care involves procedures not within the grasp of ordinary lay persons, (2) whether the activity is inherently one of medical judgment, and (3) the type of evidence that will be necessary to establish the plaintiff's case. Although the relevant analysis is similar, the circuit court correctly observed that the three factors delineated in *Jackson* are expressly applicable to determine "whether a complaint alleges ordinary negligence or medical malpractice." *Id.* at 912. Ripes's complaint, however, does not contain an ordinary negligence claim, and as such, this court need not employ *Jackson*'s three factor test to evaluate the merit of plaintiff's appeal. See generally *Fiala*, 2015 IL App (2d) 150067 (resolving the issue of whether section 2-622's pleading requirements apply without specifically employing the three factors identified in *Jackson*); *McDonald*, 2014 IL App (2d) 130401 (same); *Holzrichter*, 2013 IL App (1st) 110287 (same).

familiarity with the procedure at issue. *McDonald*, 2014 IL App (2d) 130401, ¶ 27; *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96. Here, the gravamen of Ripes's claim for medical battery is that the plastic surgery procedure that Dr. Schlechter performed "substantially varied from the consent" that she provided. As explained above, lay jurors are not familiar with the intricacies of breast augmentation surgery or the placement options for breast implants. Moreover, the inherent complexity of the issue of whether Dr. Schlechter substantially deviated from the scope of Ripes's consent during the performance of that procedure is one that cannot be determined by a lay juror without the aid of expert testimony because an accurate assessment of the claim requires knowledge, skill, and training in a technical area that is outside of the comprehension of laypersons. See, *e.g.*, *McDonald*, 2014 IL App (2d) 130401, ¶¶ 6, 27; *Holzrichter*, 2013 IL App (1st) 110287, ¶ 96. As such, we conclude that the circuit court properly found that Ripes's medical battery claim sounded in healing art malpractice and that her failure to include a section 2-622 affidavit warranted the dismissal of her medical battery claim.

¶ 17                                 Consumer Fraud Act Claim

¶ 18        Ripes also argues that the circuit court erred in concluding that her Consumer Fraud Act claim failed to state a valid cause of action. She maintains that the fraud delineated in her complaint did not pertain to Dr. Schlechter's exercise of medical judgment or his medical skills or training; rather, it involved his decision to engage in a "dishonest act for financial gain" when he placed her new implants above the pectoral muscle in contravention of the parties' oral agreement to do otherwise. As such, Ripes asserts that her Consumer Fraud Act claim should be permitted to proceed.

¶ 19        Defendants respond that the circuit court properly found that Ripes's complaint failed to state a valid cause of action under the Consumer Fraud Act, given that "Illinois courts have unequivocally held that the Consumer Fraud Act does not apply to the provision of medical services."

¶ 20        The Consumer Fraud Act is a regulatory and remedial statute intended to protect individuals against unfair methods of competition and unfair or deceptive business practices. *Price v. Phillip Morris, Inc.*, 219 Ill. 2d 182, 233-34 (2005). To that end, the Act precludes the use "unfair or deceptive acts or practices *** in the conduct of any *trade or commerce*." (Emphasis added.) 815 ILCS 505/2 (West 2012). Reviewing courts, however, have held that the provision of professional legal, medical, and dentistry services does not constitute trade or commerce under the Consumer Fraud Act. See, *e.g.*, *Feldstein v. Guinan*, 148 Ill. App. 3d 610, 615 (1986) ("The practice of medicine is not the equivalent of an ordinary commercial enterprise. The statutory language making the Act applicable to trade or commerce does not include the practice of medicine ***."); see also *Tkacz v. Weiner*, 368 Ill. App. 3d 610, 613 (2006) (recognizing that "Illinois courts have previously interpreted the term 'trade or commerce' as defined by the Act to exclude *medical,* dental and legal services" (emphasis added)).

¶ 21        Here, Ripes's Consumer Fraud Act claim is premised on Dr. Schlechter's "representation to [her] that [he] would place her new implants [below] the pectoral muscle," even though he "had no intention of doing so." Breast augmentation surgery, however, is a type of medical procedure, and, as set forth above, the provision of medical services does not constitute a trade or commerce under the Act. *Tkacz*, 368 Ill. App. 3d at 613; *Feldstein*, 148 Ill. App. 3d at 615.

As such, Ripes's Consumer Fraud Act claim necessarily fails. In so finding, we are unpersuaded by her argument that her fraud claim is premised on Dr. Schlechter's business practices as opposed to his practice of medicine. We note that, although the practice of medicine may have a business aspect, courts have uniformly held that the Consumer Fraud Act may not be used as a means to redress a personal claim for medical malpractice, the commercial aspects of which do not affect the general public. *Evanston Hospital v. Crane*, 254 Ill. App. 3d 435, 444 (1993); see also *Feldstein*, 148 Ill. App. 3d at 615 ("[T]he Act does not redress purely private wrongs but is for practices which affect the public generally."). In this case, the wrong alleged by Ripes is a purely private wrong and does not affect the public generally. As a result, we conclude that the circuit court properly dismissed count III of the complaint for failure to state a valid cause of action under the Consumer Fraud Act.

¶ 22                                                 CONCLUSION

¶ 23          The judgment of the circuit court is affirmed.

¶ 24          Affirmed.