2025 IL App (3d) 240026

Opinion filed March 25, 2025

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| LINDSAY MILLER and DOUG MILLER, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiffs-Appellants, | ) ) | |
| | ) ) | Appeal No. 3-24-0026 Circuit No. 19-AR-141 |
| v. | ) ) | |
| | ) | The Honorable |
| ANDREW KLINGSPORN, DVM, and NAPERVILLE ANIMAL HOSPITAL, | ) ) ) | Bryan S. Chapman, Robert E. Douglas, Thomas A. Else, Robert G. Gibson, and James F. McCluskey, |
| Defendants-Appellees. | ) | Judges, Presiding. |

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justices Hettel and Davenport concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiffs, Lindsay and Doug Miller, filed a third amended complaint against defendants, Dr. Andrew Klingsporn and Naperville Animal Hospital, for professional negligence and other causes of action relating to the medical treatment provided to plaintiffs' dog. Defendants filed motions to dismiss and for partial summary judgment as to portions of the third amended complaint, which the trial court primarily granted. After voluntarily dismissing the remaining

portions of their third amended complaint, plaintiffs appealed. We affirm the trial court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3        The facts as determined from the relevant portions of plaintiffs' complaint and amended complaints, the motion filings and the various supporting documents (when those filings and documents can be considered), and the procedural record can be summarized as follows. Plaintiffs owned a five-year-old Doberman Pinscher named Maylee. On March 16, 2018, at about 8:15 p.m., plaintiffs took Maylee to defendant, Naperville Animal Hospital, in Naperville, Du Page County, Illinois, for emergency medical treatment because Maylee had eaten some clothing and had been vomiting. The veterinarian on duty at that time was codefendant, Dr. Andrew Klingsporn. Plaintiffs told Klingsporn that Maylee had been vomiting and that her vomit had contained some clothing items. Plaintiffs stated further that Maylee had a prior incident where she had eaten some clothing and had to have surgery because the clothing item had caused a bowel obstruction. Plaintiffs informed Klingsporn that they had insurance that would cover the cost of any possible medical treatment for Maylee; that they were requesting that defendants provide any helpful or necessary treatment, including surgery, that would ensure that Maylee would make a full recovery; and that they wanted defendants to provide that treatment to Maylee without obtaining any further consent from plaintiffs.

¶ 4        Defendants gave plaintiffs a written estimate of the cost of providing the services that Klingsporn was recommending to diagnose and treat Maylee's condition and told plaintiffs that there was a necessary down payment of $450 before those services would be provided to Maylee. Plaintiffs paid the required down payment amount. After defendants received the down payment, they admitted Maylee to the animal hospital for treatment. Klingsporn conducted a physical

2

examination of Maylee and took x-rays of Maylee's abdominal area. The x-rays showed significantly dilated segments of Maylee's bowel that were suggestive of an obstruction and also the presence of foreign objects that were striped and layered and that were suggestive of the presence of fabric, most likely a clothing item or items. Klingsporn recommended that plaintiffs hold off on surgery for the time being and wait to see if the animal hospital could get the item or items to pass through Maylee's system. Plaintiffs agreed with that recommendation. Defendants, therefore, treated Maylee by monitoring her condition, by giving her extra fluids and medication for nausea, and by taking her for walks.

¶ 5 At about 2:20 a.m., Maylee's condition deteriorated, and she became unresponsive. Klingsporn had a second set of x-rays taken of Maylee's abdominal area but those x-rays were not reviewed by a radiologist. At about 3 a.m., defendants called plaintiffs to tell them what had occurred and to obtain their consent for immediate surgery. Surgery was conducted shortly thereafter but Maylee passed away during the surgery.

¶ 6 Plaintiffs retrieved Maylee's body from the animal hospital, had a necropsy conducted, and later brought suit against defendants. Plaintiffs' original complaint was filed in January 2019. It contained three counts against defendants for breach of contract, violation of the Humane Care for Animals Act (Humane Care Act) (510 ILCS 70/3.02 (West 2018)), and violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 2018)). Defendants filed a combined motion to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615, 2-619 (West 2018).

¶ 7 Rather than litigate the motion to dismiss, in July 2019, plaintiffs filed a first amended complaint. The first amended complaint alleged the following four claims against defendants: professional negligence (count I); breach of contract (count II), as an alternative to count I;

3

violation of the Humane Care Act (count III); and violation of the Consumer Fraud Act (count IV). Plaintiffs attached to their complaint as exhibits copies of the estimate for Maylee's treatment, a receipt showing that plaintiffs had paid the initial $450 down payment at the time of Maylee's admission, and the final bill that plaintiffs had received from the animal hospital showing an additional amount due for the services rendered (collectively referred to hereinafter at times as the animal hospital paperwork).

¶ 8        Defendants filed an answer to count I of the first amended complaint and denied that they had acted negligently. As to the remaining three counts, defendants filed a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code. Defendants asserted in the motion that dismissal was warranted because (1) plaintiffs had failed to sufficiently allege that a contract existed between the parties and that it had been breached, (2) the Humane Care Act did not apply in the context of this case, (3) plaintiffs did not—and could not—allege that defendants had actually intended to cause serious injury or death to Maylee, as required by the Humane Care Act and the case law, (4) the Consumer Fraud Act did not apply in this context, and (5) plaintiffs had failed to set forth factual allegations that would support a claim under the Consumer Fraud Act. Plaintiffs filed a response and opposed the motion to dismiss, and defendants filed a reply.

¶ 9        In November 2019, a hearing was held on the motion to dismiss. After listening to the oral arguments of the attorneys, the trial court granted defendants' motion on the section 2-615 grounds only and dismissed counts II, III, and IV of the first amended complaint without prejudice. In explaining the reasoning for its decision, the trial court commented that plaintiffs' breach of contract claim (count II) was essentially a repleading of plaintiffs' professional negligence claim (count I) and instructed plaintiffs to amend the contract claim to make a plain and concise statement of the breach of contract elements. With regard to plaintiffs' Humane Care Act claim (count III),

4

the trial court noted that the case law required plaintiffs to plead that defendants had acted with the specific intent to seriously injure or kill Maylee and that plaintiffs had failed to plead such an allegation. As for plaintiffs' Consumer Fraud Act claim (count IV), the trial court indicated that it was unclear from the pleading whether defendants' alleged fraudulent acts were related or unrelated to defendants' legitimate practice of medicine because plaintiffs had mixed together allegations of professional negligence and allegations of fraudulent conduct in their Consumer Fraud Act claim. The trial court, therefore, instructed plaintiffs to redraft their Consumer Fraud Act claim so that the distinction between defendants' provision of legitimate veterinary services and their alleged fraudulent attempt to mislead and overcharge plaintiffs was clear. The trial court granted plaintiffs leave to file a second amended complaint so that plaintiffs could try to correct the deficiencies that the trial court had pointed out.

¶ 10    A few months after the dismissal was entered, plaintiffs filed their second amended complaint, which contained five counts. In count I of the second amended complaint, plaintiffs repeated their prior professional negligence claim, which had not previously been dismissed. In count II, plaintiffs replead their breach of contract claim from the first amended complaint, as an alternative to count I, and added new or revised allegations to that claim. In counts III and IV, plaintiffs repeated, realleged, and incorporated by reference their prior Humane Care Act and Consumer Fraud Act claims from the first amended complaint to preserve those claims for later possible appellate review. Plaintiffs noted in counts III and IV that the Humane Care Act and Consumer Fraud Act claims had previously been dismissed by the trial court without prejudice. In count V, plaintiffs added a second Consumer Fraud Act claim and tried to base that claim more specifically on defendants allegedly charging for services in plaintiffs' bill that had not actually

been provided to Maylee in order to inflate the bill and to cause plaintiffs to pay the inflated amount.

¶ 11    Defendants orally moved to dismiss counts III (plaintiffs' Humane Care Act claim) and IV (plaintiffs' first Consumer Fraud Act claim) of the second amended complaint, the two counts that had been dismissed previously by the trial court and that had been repeated and realleged to preserve those claims for possible appellate review. The trial court granted the motion over plaintiffs' objection. In addition to their oral motion, defendants also filed a combined written motion to dismiss counts II (plaintiffs' breach of contract claim) and V (plaintiffs' second Consumer Fraud Act claim) of the second amended complaint pursuant to sections 2-615 and 2-619 of the Code. In their motion, defendants repeated the same arguments that they had made in their prior motion to dismiss regarding the breach of contract and Consumer Fraud Act claims.

¶ 12    Rather than litigate the motion to dismiss, in June 2020, plaintiffs filed a third amended complaint, the operative pleading in this case. The third amended complaint contained six counts. In count I, plaintiffs again set forth their prior professional negligence claim, which had not previously been dismissed. In count II, plaintiffs replead their breach of contract claim from the second amended complaint, as an alternative to count I, and added new or revised allegations to that claim. In counts III and IV, plaintiffs repeated, realleged, and incorporated by reference their prior Humane Care Act and Consumer Fraud Act claims from the first amended complaint to preserve those claims for later possible appellate review. Plaintiffs again noted in counts III and IV that the Humane Care Act and Consumer Fraud Act claims had previously been dismissed by the trial court without prejudice. In count V, plaintiffs again set forth their second Consumer Fraud Act claim from the second amended complaint, which had not previously been dismissed. In count VI, plaintiffs added a claim for breach of contract implied in fact as an alternative to counts I and

6

II. Plaintiffs alleged the same damages in counts I, II, and VI—which included the veterinarian expenses, the cost of the necropsy, the funeral expenses, and the fair market value of a five-year-old Doberman Pinscher—and attached copies of the animal hospital paperwork as exhibits to the third amended complaint.

¶ 13 Defendants filed a combined motion to dismiss counts II, V, and VI of the third amended complaint pursuant to sections 2-615 and 2-619 of the Code. In the motion, defendants repeated many of the same assertions that they had made in their prior motions to dismiss. As to counts II and VI (plaintiffs' breach of contract claims), defendants asserted that dismissal was warranted under section 2-615 of the Code because the allegations in plaintiffs' contract claims were essentially allegations of professional negligence and because plaintiffs failed to allege sufficient facts to establish either a claim for breach of an oral contact or a claim for breach of a contract implied in fact. With regard to count V (plaintiffs' second Consumer Fraud Act claim), defendants asserted that dismissal was proper under section 2-619 of the Code because the Consumer Fraud Act did not apply in the context of this case and because plaintiffs were improperly trying to use the Consumer Fraud Act as a means to redress their personal claim for medical malpractice. Defendants also asserted that dismissal of count V was proper under section 2-615 as well because plaintiffs failed to allege sufficient facts to establish a Consumer Fraud Act claim. Plaintiffs filed a response and opposed the motion to dismiss, and defendants filed a reply.

¶ 14 In September 2020, a hearing was held on defendants' motion. After listening to the oral arguments of the attorneys, the trial court granted the motion in part and denied the motion in part. The trial court granted the motion as to counts II and VI of the third amended complaint (plaintiffs' breach of contract claims) and dismissed those counts with prejudice. In so doing, the trial court commented, although somewhat ambiguously, that plaintiffs' claims were akin to a malpractice

7

action. The trial court denied defendants' motion to dismiss, however, as to count V of the third amended complaint (plaintiffs' second Consumer Fraud Act claim) and allowed that claim to stand.

¶ 15 In June 2022, defendants filed a motion for partial summary judgment on count V of the third amended complaint. Defendants asserted in the motion that partial summary judgment should be granted in their favor on count V (plaintiffs' second Consumer Fraud Act claim) for three reasons. First, although plaintiffs claimed that defendants had misrepresented that a radiologist had reviewed Maylee's first set of x-rays and had improperly sought to charge for that service, the radiologist report showed that a radiologist had, in fact, reviewed the x-rays. Second, while plaintiffs claimed that they were improperly billed for medications that Maylee was not actually given, plaintiffs had failed to present any evidence to support that allegation. And, third, defendants contended, plaintiffs could not prove that they had suffered any actual damages from the allegedly improper medication charges because plaintiffs did not pay anything more than their down payment and did not pay the remaining balance due on the bill that plaintiffs had received. In support of their arguments, defendants attached to the motion a copy of the radiologist report, the animal hospital paperwork, and an affidavit by the animal hospital's practice manager. Plaintiffs filed a response and opposed the motion for partial summary judgment, and defendants filed a reply. A copy of Dr. Klingsporn's deposition transcript was attached to both the response and the reply for the trial court to consider in making its ruling. In the deposition, Klingsporn unequivocally testified that a radiologist had reviewed Maylee's first set of x-rays. Defendants also attached to the reply a copy of the report of plaintiffs' expert witness, Dr. Douglas Kern, a Doctor of Veterinary Medicine, wherein Kern referred to the radiologist report that pertained to the first set of x-rays.

¶ 16    In August 2022, the trial court held a hearing on defendants' motion for partial summary judgment. After listening to the oral arguments of the attorneys, the trial court granted defendants' motion in part and denied defendants' motion in part. The trial court granted summary judgment for defendants on the portion of count V that pertained to whether a radiologist had reviewed the first set of x-rays but denied defendants' summary judgment motion on the portion of count V that pertained to the medications administered to Maylee.

¶ 17    Plaintiffs subsequently filed a motion to voluntarily dismiss their remaining claims—count I (professional negligence) and a portion of count V (the second Consumer Fraud Act claim) of the third amended complaint—which defendants opposed. The trial court later granted the motion. In December 2023, the trial court entered its final order in this case. In the final order, the trial court ruled that counts I and V of the third amended complaint were voluntarily dismissed by plaintiffs without prejudice with leave to refile within one year; that counts II, III, IV, and VI of the third amended complaint were dismissed with prejudice; and that the case was closed. Plaintiffs appealed.

¶ 18                                    II. ANALYSIS

¶ 19                    A. Grant of Defendants' Section 2-615 Motion to Dismiss Plaintiffs'
                    Humane Care Act Claim, Count III of the Third Amended Complaint

¶ 20    As their first point of contention on appeal, plaintiffs argue that the trial court erred in granting defendants' section 2-615 motion to dismiss plaintiffs' Humane Care Act claim, count III of the third amended complaint (as carried forward from the first amended complaint). Plaintiffs assert that the trial court incorrectly found that plaintiffs were required to plead in their Humane Care Act claim that defendants had acted with the specific intent to seriously injure or kill Maylee and incorrectly granted the motion to dismiss on that basis because plaintiffs did not and could not

9

make such an allegation in their pleadings in this case. According to plaintiffs, under the applicable statute and the established case law in this appellate district, proof that the prohibited harm was specifically intended by defendants was not required. Rather, plaintiffs maintain, they were only required to allege that defendants had intended to commit an act that ultimately caused serious injury or death to a companion animal, a pleading requirement that plaintiffs satisfied in the instant case. Plaintiffs ask, therefore, that we reverse the trial court's grant of the motion to dismiss as to plaintiffs' Humane Care Act claim (count III) and that we remand this case for further proceedings on that claim.

¶ 21    Defendants argue that the trial court's grant of the motion to dismiss count III was proper and should be upheld. Defendants assert that the case law on this issue, including the case law cited by plaintiffs, clearly requires that specific intent to seriously injure or kill be plead to state a claim for a violation of the Humane Care Act. Further, defendants contend, because plaintiffs did not and could not satisfy that pleading requirement in this case, the trial court correctly granted the motion to dismiss. Defendants ask, therefore, that we affirm the trial court's grant of the motion to dismiss plaintiffs' Humane Care Act claim.

¶ 22    A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based upon defects that are apparent on the face of the complaint. See *id.* § 2-615; *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007). In ruling upon a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. *Heastie*, 226 Ill. 2d at 531. The crucial inquiry in deciding a section 2-615 motion to dismiss is whether the allegations in the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). A plaintiff

10

is not required to prove his case in the pleading stage—he must merely allege sufficient facts to establish all of the essential elements of his cause of action. *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that the plaintiff can prove no set of facts that will entitle the plaintiff to relief. *Heastie*, 226 Ill. 2d at 531. In reviewing a trial court's ruling on a section 2-615 motion to dismiss, the appellate court applies a *de novo* standard of review. *Id.* at 530-31. When a *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. The appellate court may affirm a trial court's grant of a section 2-615 motion to dismiss on any basis supported by the record. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 220 (2007).

¶ 23        Section 16.3 of the Humane Care Act allows the owner of an animal that has been subjected to an act of aggravated cruelty under section 3.02 of the Humane Care Act to bring a civil action to recover the damages that the owner sustained. 510 ILCS 70/16.3 (West 2018). Under section 3.02 of the Humane Care Act, a person commits aggravated animal cruelty when he or she "intentionally commit[s] an act that causes a companion animal to suffer serious injury or death." See *id.* § 3.02(a). The evil that section 3.02 is intended to prevent is the intentional killing or injuring of a companion animal. See *People v. Primbas*, 404 Ill. App. 3d 297, 301 (2010). Therefore, courts that have interpreted section 3.02, albeit in the context of criminal cases, have found that the statute requires the complaining party to prove a specific intent to seriously injure or kill a companion animal to prevail on a claim of aggravated cruelty. See, *e.g.*, *id.*; *People v. Larson*, 379 Ill. App. 3d 642, 651-52 (2008); *People v. Robards*, 2018 IL App (3d) 150832, ¶ 13; *People v. Kirkpatrick*, 2020 IL App (5th) 160422, ¶ 59.

11

¶ 24      We agree with the prior court interpretations of section 3.02 of the Humane Care Act and have no need to interpret the statute anew. As the prior court interpretations indicate, to establish a claim of aggravated cruelty, the plaintiff must plead and prove that the defendant acted with a specific intent to seriously injure or kill a companion animal. See *Primbas*, 404 Ill. App. 3d at 301; *Larson*, 379 Ill. App. 3d at 651-52; *Robards*, 2018 IL App (3d) 150832, ¶ 13; *Kirkpatrick*, 2020 IL App (5th) 160422, ¶ 59. In the present case, it is undisputed that plaintiffs did not and could not make such an allegation in their Humane Care Act claim (count III) against defendants. We must conclude, therefore, that the trial court properly granted defendants' motion to dismiss that claim.

¶ 25      In reaching that conclusion, we note that contrary to plaintiffs' assertion on appeal, the case law interpretation of section 3.02 in this appellate district is no different than in other appellate districts in this state. In the *Robards* case, this court indicated in the context of a criminal case that to prevail on a claim of aggravated cruelty to a companion animal under section 3.02 of the Humane Care Act, the State had to prove that the defendant (1) intentionally committed the act and (2) intended to seriously injure or kill the animal. *Robards*, 2018 IL App (3d) 150832, ¶ 13. Although this court went on later in that case to state that the evidence only needed to establish that the defendant intentionally committed an act that caused the death of a companion animal (*id.* ¶ 17)—a statement that plaintiffs rely upon to support their argument on this issue, it is clear from this court's statement of the elements of the offense and its analysis of the facts in the *Robards* case that specific intent is required by the statute. We, therefore, reject plaintiffs' assertion to the contrary and affirm the trial court's section 2-615 dismissal of plaintiffs' Humane Care Act claim, count III of the third amended complaint (as carried forward from the first amended complaint).

¶ 26                    B. Grant of Defendants' Section 2-615 Motion to Dismiss Plaintiffs'

First Consumer Fraud Act Claim, Count IV of the Third Amended Complaint

¶ 27        As their second point of contention on appeal, plaintiffs argue that the trial court erred in granting defendants' section 2-615 motion to dismiss plaintiffs' first Consumer Fraud Act claim, count IV of the third amended complaint (as carried forward from the first amended complaint). Plaintiffs assert that the motion to dismiss should not have been granted because plaintiffs alleged sufficient facts in count IV to state a claim under the Consumer Fraud Act. According to plaintiffs, the trial court's finding to the contrary was based upon the trial court's incorrect belief that defendants could not violate the Consumer Fraud Act in the course of providing veterinary services. Thus, for the reasons stated, plaintiffs ask that we reverse the trial court's grant of the motion to dismiss as to plaintiffs' first Consumer Fraud Act claim (count IV) and that we remand this case for further proceedings on that claim.

¶ 28        Defendants assert that the motion to dismiss was correctly granted for two reasons. First, defendants contend that plaintiffs failed to adequately allege fraudulent misrepresentation that was wholly unrelated to defendants' legitimate practice of veterinary medicine. Instead, defendants maintain, plaintiffs improperly intertwined in the pleading allegations of defendants' deceptive acts with allegations of defendants' deviations from the standard of care. Second, and in the alternative, defendants contend that even if plaintiffs' first Consumer Fraud Act claim concerned conduct wholly unrelated to the provision of veterinary services, dismissal was still proper because plaintiffs failed to allege sufficient facts to establish all of the elements of a Consumer Fraud Act claim. Most notably, according to defendants, plaintiffs failed to plead sufficient facts to establish reliance, causation, or damages, as required for a Consumer Fraud Act claim. For both of these

13

reasons, defendants ask that we affirm the trial court's grant of defendants' motion to dismiss plaintiffs' first Consumer Fraud Act claim.

¶ 29 The Consumer Fraud Act is a regulatory and remedial statute that was enacted to protect individuals against fraud, unfair methods of competition, and unfair or deceptive business practices. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002). The Consumer Fraud Act provides:

> "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 2018).

¶ 30 To prevail on a private cause of action under the Consumer Fraud Act, the plaintiff must plead and prove the following five elements: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception during a course of conduct involving trade or commerce, (4) actual damage to the plaintiff, and (5) the plaintiff's injury proximately caused by defendant's deception. See *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 190-91 (2005); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002).

¶ 31 Despite the relatively broad language of the statutory prohibition (see 815 ILCS 505/1(f), 2 (West 2018)), in the context of professional services, Illinois state reviewing courts have held that the provision of medical, dental, and legal services do not constitute "trade or commerce"

14

under the Consumer Fraud Act and that a plaintiff, therefore, cannot bring a private Consumer Fraud Act claim arising out of the actual provision of those services. See *Ripes v. Schlechter*, 2017 IL App (1st) 161026, ¶¶ 20-21; *Mathis v. Yildiz*, 2023 IL App (1st) 221703, ¶ 23. A few of the decisions, however, including one from this district of the appellate court, (1) have made a distinction (either directly or implicitly) between the actual provision of the professional services and the business aspects of providing those services or (2) provide support for asserting that such a distinction should exist. In those cases, the reviewing courts have held that a plaintiff may not bring a private Consumer Fraud Act claim that is premised upon the actual provision of the professional services listed above (the actual practice of medicine, dentistry, or law), such as substandard treatment, but that a plaintiff may bring a Consumer Fraud Act claim that is premised upon the business aspects of those professional services, such as misleading billing. See *Falls v. Silver Cross Hospital & Medical Centers*, 2016 IL App (3d) 150319, ¶¶ 38-40 (allowing a private Consumer Fraud Act claim against a hospital for balance billing); *Mathis*, 2023 IL App (1st) 221703, ¶¶ 23-24, 28, 31, 33-36 (allowing a private Consumer Fraud Act claim against a dentist for misleading billing).

¶ 32     In the present case, the parties do not dispute that the above rules apply to the provision of veterinary services. We agree and so hold. Despite that holding, we must conclude that the trial court properly granted defendants' section 2-615 motion to dismiss plaintiffs' first Consumer Fraud Act claim, count IV of the third amended complaint (as carried forward from the first amended complaint). Contrary to the rules set forth above, plaintiffs' claim in count IV was not premised solely upon the business aspects of providing veterinary services. Rather, plaintiffs' claim in count IV mixed together allegations of improper or misleading billing with allegations that defendants had provided substandard care. We, therefore, affirm the trial court's

15

grant of defendants' motion to dismiss count IV. Having so concluded, we need not address the parties' other assertions on this issue.

¶ 33                    C. Grant of Defendants' Section 2-615 Motion to Dismiss Plaintiffs'

              Breach of Contract Claims, Count II and VI of the Third Amended Complaint

¶ 34         As their third point of contention, plaintiffs argue that the trial court erred in granting defendants' section 2-615 motion to dismiss plaintiffs' breach of contract claims, counts II and VI of the third amended complaint. Plaintiffs assert that the trial court incorrectly found that plaintiffs' breach of contract claims were duplicative of plaintiffs' professional negligence claim (count I) and incorrectly granted the motion to dismiss on that basis. According to plaintiffs, the contract claims were not duplicative of the professional negligence claim because different facts were alleged in the contract claims than in the professional negligence claim and because, depending on the standard of care imposed on defendants' conduct, defendants' contractual duties could be broader and more rigorous than defendants' duties under the standard of care. Based upon their assertion that the claims were not duplicative, plaintiffs ask that we reverse the trial court's grant of the motion to dismiss as to plaintiffs' breach of contract claims (counts II and VI) and that we remand this case for further proceedings on those claims.

¶ 35         Defendants argue that the trial court's grant of the motion to dismiss counts II and VI was proper and should be upheld. In support of that argument, defendants make two main assertions. First, defendants contend that the motion to dismiss was correctly granted because plaintiffs' breach of contract claims were duplicative of plaintiffs' professional negligence claim in that the contract claims and the professional negligence claim were based upon the same factual conduct— the reasonableness of defendants' veterinary care—and resulted in the same injury to plaintiffs (plaintiffs sought the same damages for the contract claims and the professional negligence claim).

16

Second, defendants contend that the motion to dismiss was also correctly granted because plaintiffs failed to plead sufficient facts to establish all of the elements of their breach of contract claims. Most notably, defendants maintain, plaintiffs' allegations failed to show that the parties had reached a meeting of the minds on terms that were definite and certain. For all of the reasons stated, therefore, defendants ask that we affirm the trial court's grant of the motion to dismiss plaintiffs' breach of contract claims.

¶ 36       Although a plaintiff is generally allowed to plead claims in the alternative, duplicate claims are not permitted in the same complaint. *Neade v. Portes*, 193 Ill. 2d 433, 445 (2000). The relevant inquiry in determining whether claims are duplicative is whether the claims allege the same operative facts and injury. *Id.* at 443; *Majumdar v. Lurie*, 274 Ill. App. 3d 267, 273-74 (1995). "The operative facts of a claim are those facts that actually caused the plaintiffs' injuries." *Pippen v. Pedersen & Houpt*, 2013 IL App (1st) 111371, ¶ 25.

¶ 37       In the present case, after considering the operative facts and injury alleged in plaintiffs' professional negligence claim and in plaintiffs' breach of contract claims, we conclude that the contract claims were duplicative of the professional negligence claim and were properly dismissed. The contract claims ultimately alleged the same operative facts as the professional negligence claim—that defendants failed to promptly perform surgery on Maylee for an obstructed bowel— and sought the exact same damages as the professional negligence claim (the veterinary expenses, the cost of the necropsy, the funeral expenses, and the fair market value of a five-year-old Doberman Pinscher). Thus, as the trial court correctly indicated, the contract claims were merely a restatement of the professional negligence claim. We, therefore, affirm the trial court's grant of defendants' section 2-615 motion to dismiss plaintiffs' contract claims, counts II and VI of the third amended complaint. Having reached that conclusion, we need not address defendants'

17

alternative assertion—that plaintiffs failed to plead sufficient facts to establish the required elements of their contract claims.

¶ 38        D. Grant of Defendants' Motion for Summary Judgment on a Portion of

Plaintiffs' Second Consumer Fraud Act Claim, Count V of the Third Amended Complaint

¶ 39        As their fourth and final point of contention on appeal, plaintiffs argue that the trial court erred in granting defendants' motion for summary judgment on a portion of plaintiffs' second Consumer Fraud Act claim, count V of the third amended complaint. Plaintiffs assert that the motion for summary judgment should not have been granted as to the allegations in count V that pertained to whether a radiologist had reviewed Maylee's first set of x-rays because defendants failed to present sufficient evidence to establish the radiologist report as admissible evidence for the purpose of the summary judgment proceeding. Plaintiffs contend, therefore, that it was error for the trial court to consider the radiologist report in making its ruling on the summary judgment motion. As defendants correctly note, however, there were other sources of evidence, aside from the radiologist report, that established that a radiologist had reviewed the first set of x-rays, including the deposition testimony of Klingsporn, which both parties submitted in the summary judgment proceeding, and the report of plaintiffs' own expert witness, which was submitted by defendants and which referred to the radiologist report. We, therefore, conclude under the facts of the instant case that no genuine issue of material fact existed as to whether a radiologist had reviewed the first set of x-rays and that defendants' motion for summary judgment was properly granted as to those allegations in plaintiffs' second Consumer Fraud Act claim (count V). Accordingly, we affirm the trial court's grant of defendants' motion for summary judgment as to those portions of count V of the third amended complaint.

18

¶ 40                                    III. CONCLUSION

¶ 41          For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 42          Affirmed.

*Miller v. Klingsporn*, 2025 IL App (3d) 240026

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 19-AR-141; the Hon. Bryan S. Chapman, the Hon. Robert E. Douglas, the Hon. Thomas A. Else, the Hon. Robert G. Gibson, and the Hon. James F. McCluskey, Judges, presiding. |
| **Attorneys for Appellant:** | Colin W. Anderson, of Anderson & Uddin, P.C., of Aurora, for appellants. |
| **Attorneys for Appellee:** | Julie A. Teuscher and Patrick M. Creagh, of Cassiday Schade LLP, of Chicago, for appellees. |